---

(25 App. Div. 373.)

PEOPLE ex rel. NEW YORK CENT. & H. R. R. CO. v. BUDLONG et al.

(Supreme Court, Appellate Division, Fourth Department. February 6, 1898.)

TAXATION—CERTIORARI—PETITION.

    Petition for and writ of certiorari against tax assessors need not specify particular instances in which inequality of valuation exists, and the extent thereof, where it states that the valuation placed by the assessors on relator's property for purpose of taxation is 95 per cent. of its actual value, and that the valuation placed on the other property in the town for said purpose is but 50 per cent. of its value.

Appeal from special term.

Certiorari by the state, on the relation of the New York Central & Hudson River Railroad Company, against Arthur Budlong and others, as assessors of the town of Schuyler. On motion, the writ was dismissed (47 N. Y. Supp. 765), and the state appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Harris & Harris, for relator.

Smith & Thomas, for respondents.

FOLLETT, J. The relator owns 105.48 acres of land in the town of Schuyler, on which it has 25.84 miles of main track, and about one-half mile of side track. In 1897 the assessors of the town or tax district assessed the relator's aforesaid realty at $356,400. On the third Tuesday of August, 1897, the relator appeared before the assessors, and complained that its assessment was unequal, and made at a higher proportionate valuation than was placed on the other property assessed on the same roll, and applied for a reduction of the assessed valuation, which was refused; and thereupon the relator on the 3d of September, 1897, verified a petition stating the foregoing facts, and also "that the full value of its property in such tax district did not exceed on July 1, 1897, $373,485.00"; the assessment being 95 per cent. of the value of its property. It is not asserted in the petition that the relator's property was assessed for more than its value, but it is asserted:

"That its said assessment is unequal, in that, while its property is assessed at the amount above stated, that of other owners of property in said tax district, assessed upon said roll, does not exceed 50 per cent. of its full value, on the average,—said assessors having assessed the property in said tax district, other than that of your petitioner, at that percentage of its full value, instead of at full value, as the law requires; and such inequality exists, not in specific instances, but generally through said tax district."

On this petition a writ of certiorari was granted September 6, 1897, pursuant to article 11 of the tax law (chapter 908, Laws 1896), requiring the assessors to certify and return at a special term held September 25, 1897, a true copy of their assessment roll, "and whether said assessment has been made at a higher proportionate valuation than the other real or personal property, or either of them, on the same roll, and that you also then certify and return at what percentage of the full value thereof you assessed on said roll the property in said town, other than that of the petitioner, * * * and to serve a copy of your said return to this writ" on the relator's attorneys within 10 days after the service of this writ. The petition and writ were served September 9, 1897; but the defendants made no return thereto, and on the return day moved to dismiss the writ on the ground that "it is not specified in the petition the instances in which such inequality exists, and the extent thereof," which motion was granted on the theory that the failure of the relator to specify the particular instances in which it was asserted that there were inequalities in the valuations, and the extent thereof, was fatal to the jurisdiction of the court. In this I think the court erred. In the petition and in the writ it is clearly and definitely stated that the valuation placed by the assessors upon the relator's property for the purpose of taxation is 95 per cent. of its actual value, and that the valuation placed upon the other property in the town for the purpose of taxation is but 50 per cent. of its value. This is a clear and defi-

nite assertion of a fact which, if true, entitled the relator to relief. The relator cannot be required to specify, either in the petition or in the writ, particular instances in which it is asserted that there are inequalities in valuation, unless relief is sought upon that ground. Usually relief is sought upon the ground that the valuation placed upon the relator's property is higher than that placed upon the property of various other persons or corporations in the town, and when relief is sought on that ground the instances must be alleged. But in case it is alleged, as in the case at bar, that the relator's property is assessed at 95 per cent. of its value, and all other property at 50 per cent. of its value, it is quite sufficient to give the court jurisdiction to grant relief. The defendants had their choice to controvert the allegations in the writ, or to admit their truth, which in effect they did, by moving to dismiss the writ; and, instead of the writ being dismissed, the relator's assessment should have been reduced by 45 per cent. This writ is authorized by the eleventh title of the tax law, and it is not a discretionary one, but is the mode provided by statute for reviewing assessments alleged to be erroneous, and the petition is in the nature of a complaint in an action. People v. Tax Com'rs of City of New York, 144 N. Y. 483, 39 N. E. 385. And, in case the allegations in the petition and writ are indefinite, the remedy of the defendants is to move, before filing their return, to have the allegations made more definite and certain. People v. Board of Assessors, 10 App. Div. 393, 41 N. Y. Supp. 769; Code Civ. Proc. § 1997. The case last cited was followed by this court in People v. McCombs (at the Nov., 1897, term) 48 N. Y. Supp. 1113, and an order amending the writ was affirmed.

The order should be reversed, and the motion to dismiss the writ denied, without costs, with leave to the defendants to file a return within 20 days. All concur.