(63 App. Div. 530.)

PEOPLE ex rel. MOHAWK & MALONE RY. CO. v. GARMON et al.,
Assessors.

(Supreme Court, Appellate Division, Fourth Department. July 23, 1901.)

1. TAXATION—ASSESSMENT ROLL—COMPLIANCE WITH STATUTE.

Where all the matter requisite to a good assessment is contained in the assessment roll, that the columns are not arranged precisely as directed by statute does not invalidate the assessment.

2. SAME—DESCRIPTION OF TAXPAYER—ABBREVIATIONS.

A description of the Mohawk & Malone Railway Company in an assessment roll as the "Mohawk & Malone R. R. Co." is sufficient.

3. SAME—DESCRIPTION OF PROPERTY.

Where the statute requires that there shall be set down in the second column of the assessment roll the quantity of real property taxable to each person, and in a column headed "No. of Lot" the length of a railroad's right of way was given, the assessment was not void for uncertainty as to the quantity or description of the real estate assessed.

4. SAME—AMENDMENT OF ASSESSMENT.

The setting down in a column of an assessment roll of the amount of the assessment per mile of a railroad's right of way, no such action being required by statute, did not invalidate the assessment.

5. SAME—REFERENCE.

Where, on certiorari to review an assessment, the court orders a reference to determine the proper valuation, as authorized by Laws 1896, c. 908, § 253, the court's discretion will not be interfered with on appeal.

Appeal from special term, Herkimer county.

Certiorari by the people, on the relation of the Mohawk & Malone Railway Company, against Samuel Garmon and others, as assessors of the town of Webb, Herkimer county, to review an assessment of relator's property for the year 1900. From an order of the special term (69 N. Y. Supp. 819) deciding the assessment valid, and appointing a referee to take evidence and report, under Laws 1896, c. 908, § 253, relator appeals. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and RUMSEY, JJ.

Charles E. Snyder, for appellant.
Charles D. Adams, for respondents.

WILLIAMS, J. The order appealed from should be affirmed. It is suggested that the appellant cannot be heard to question the validity of the assessment in this proceeding, and on this appeal. We do not regard it as necessary to pass upon this contention, however, as we have arrived at the conclusion, upon the merits, that the assessment was not invalid, as failing to comply with the statute, but that, under the circumstances, it was in substantial compliance with the statute. The columns were not arranged in the roll just as directed by the statute, but all the matter required to make a good assessment was inserted in the roll, and with sufficient certainty, so there could be no mistake about it. The name of the appellant was set down in the first column. There were some abbreviations in the name, but it was not necessary that all the words constituting the name should be written out in full. "Mohawk & Malone R. R. Co." sufficiently indicated the appellant as the person to be assessed and

taxed. The statute required to be set down in the second column the quantity of real property taxable to each person, with a statement thereof, in such form as the commissioners of taxes should prescribe. The appellant's right of way and roadbed ran through the respondent's town at a certain width, well known and understood, and the length stated in the roll as assessed was 34½ miles. This was in a column headed "No. of Lot." There could be no uncertainty as to the quantity of real property assessed, or the location thereof. It does not appear that the commissioners of taxes had prescribed any form for a statement in the roll as to this kind of real property. We do not think this assessment can be regarded as void for uncertainty as to the quantity or description of the real property assessed. In a third column the respondents set down, as required by the statute, the full value of such real property, under a proper heading, such full value being $207,000. Subsequently this valuation, at the request of the appellant, was reduced to $189,750. There was also set down in another column the amount of assessment per mile of the real property. This was not required by the statute, and could in no way affect the validity of the assessment. There was nothing stated in the roll as to personal property, because no personal property was assessed. .

We are not inclined to interfere with the discretion exercised by the special term in appointing a referee to take testimony and report as to the valuation of the real property assessed. The court regarded the taking of such testimony as necessary for the proper disposition of the matter, and we cannot say it was unnecessary. The reference was very properly confined to the value of the real estate. No question as to the value of personal property was involved. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.