### PEOPLE ex rel. FISKE v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department. June 17, 1904.)

1. TAXATION—INEQUALITY—DISPROPORTIONATE VALUATIONS.

Inequality as a ground for relief by certiorari under Tax Law, § 250 (Laws 1896, p. 882, c. 908), providing for the relief of persons aggrieved by an assessment unequal in that it has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, must be something more than a valuation disproportionate to that placed upon a few other pieces of property in the same vicinity.

Appeal from Special Term, Kings County.

Certiorari by the people on the relation of George B. Fiske and another against Thomas L. Feitner and others as commissioners of taxes and assessments of the city of New York. From an order dismissing the writ and confirming the assessment, relators appeal. Affirmed.

The following is the opinion of the court below (Gaynor, J.):

The relator institutes a comparison with other property not in the same circumstances or category with his own. Compared with like property it was not assessed excessively. Judgment for defendant without costs in both cases.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Frederic R. Kellogg, for appellants.

George S. Coleman (Henry C. Johnson, on the brief), for respondents.

WILLARD BARTLETT, J. Inequality as a ground for relief by certiorari under the Tax Law, § 250 (Laws 1896, p. 882, c. 908), must be something more than a valuation disproportionate to that placed upon a few other pieces of property in the same vicinity. This is the most that the proof in behalf of the relators can be held to have established in the present case. If one's own assessment "is not out of proportion, as compared with valuations generally on the same roll, it is immaterial that some one neighbor is assessed too little and another to much." Cooley on Taxation (2d Ed.) p. 410. This doctrine has been adopted by the Court of Appeals in construing chapter 269, p. 402, of the Laws of 1880, from which the certiorari provisions of the present tax law are derived. People ex rel. Warren v. Carter, 109 N. Y. 576, 581, 17 N. E. 222; People ex rel. Allen v. Badgley, 138 N. Y. 314, 317, 33 N. E. 1076. It is fatal to the case of the appellants.

Moreover, I agree with the opinion expressed by Mr. Justice Gaynor at Special Term that the comparison made by the relators is with property not in the same circumstances or category with their own.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.