(117 App. Div. 811)

CITY OF NEW YORK v. MICHELL et al., Town Assessors.

(Supreme Court, Appellate Division, Second Department.   March 8, 1907.)

TAXATION—CERTIORARI—TAX ASSESSMENT—PETITION.

   A petition for certiorari to tax assessors shows that petitioner claims to be aggrieved by an assessment of his property and sets forth that the assessment is erroneous by reason of overvaluation, stating the extent of such overvaluation, as required by Laws 1896, p. 882, c. 908, § 250, so as to require issuance of the writ; it alleging that petitioner is aggrieved because the assessment of such real property of petitioner is fixed at a certain sum, which is erroneous by reason of overvaluation to the extent of $1,000,000.

Appeal from Special Term; Putnam County.

Application by the city of New York for writ of certiorari to Richard Michell and others, assessors of the town of Southeast, county of Putnam. From an adverse order and judgment, petitioner appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

I. J. Beaudrias, for appellant.
Abram J. Miller, for respondents.

RICH, J.   This is an appeal from an order, and the judgment entered thereon, quashing a writ of certiorari issued to review an assessment against the city of New York upon the ground that the petition upon which such writ issued did not show sufficient facts to vest jurisdiction in the court. The only questions before us are·whether the allegations of the petition regarding the assessment of the aqueducts and gatehouses (which are claimed to be appurtenances) and overvaluation are sufficient to confer jurisdiction requiring the issuance of the writ. If they are, it was not a discretionary matter, but a matter of right. Rochester Railway Co. v. Robinson, 133 N. Y. 242, 30 N. E. 1008.

Section 250 of the tax law (Laws 1896, p. 882, c. 908), so far as its provisions are material in the consideration of these questions, is as follows:

"Any person assessed upon any assessment roll, claiming to be aggrieved by any assessment for property therein, may present to the Supreme Court a petition duly verified setting forth that the assessment is illegal, * * * or if erroneous by reason of overvaluation, stating the extent of such overvaluation."

The paragraph of the petition alleging overvaluation is as follows:

"That your petitioner is further aggrieved because the assessment of such real property of your petitioner is fixed at $1,169,640.50, which is erroneous, illegal, and unjust, by reason of overvaluation; the extent thereof being $1,000,-000. And your petitioner is aggrieved because the real property of your petitioner is assessed by the assessors aforesaid at an erroneous and excessive valuation, far above the full value thereof."

This allegation is well within the language of the statute. It alleges the assessment to be "erroneous by reason of overvaluation," states "the extent of such overvaluation," and that petitioner is aggrieved thereby. This is sufficient to confer jurisdiction upon the court, and the issue of the writ was imperative. Matter of Nisbet, 3 App. Div. 171, 38 N. Y. Supp. 392; Matter of Corwin, 135 N. Y. 245, 32 N. E. 16; Rochester Ry. Co. v. Robinson, supra; People ex rel. C. M. Ins. Co. v. Commissioners, 144 N. Y. 483, 39 N. E. 385; People ex rel. Broadway R. Co. v. Feitner, 61 App. Div. 156, 70 N. Y. Supp. 452, 168 N. Y. 661, 61 N. E. 1132; People ex rel. Edison El. Ill. Co. v. Feitner, 86 App. Div. 46, 83 N. Y. Supp. 1114, 178 N. Y. 577, 70 N. E. 1106. The petition in the case at bar does not differ materially from that in People ex rel. Edison Electric Illuminating Co. v. Feitner. In that case it was held in effect that the Sutphen and Greenwood Cases, upon which the learned justice, in quashing the writ in the case at bar, seems to have relied, had been superseded by the decision in the Broadway Realty Case.

We think the petition sufficiently raises the question of the illegality of the assessments on the relator's aqueducts and gatehouses connected therewith. By section 480 of the Greater New York charter (Laws 1897, p. 167, c. 378) and the decision in Matter of City of New York v. Mitchell, 183 N. Y. 245, 76 N. E. 18, aqueducts are exempt. As to whether their appurtenances are also exempt is still an open question. Whether there are such structures upon the land and wrongfully included in the assessments complained of, and whether they are the "tunnels and other structures" which the return admits the appellant has erected upon the tract known as "Double Reservoir I" are dependent upon the evidence to be given in the proceeding, and are not to be determined in this proceeding.

The order must be reversed, with costs.

Order reversed, with $10 costs and disbursements, and proceedings remitted for hearing and determination. All concur.