(121 App. Div. 599.)

PEOPLE ex rel. HERMANN v. KAUFMAN et al., Town Assessors.

(Supreme Court, Appellate Division, Second Department. October 23, 1907.)

TAXATION—ASSESSMENT—REVIEW—CERTIORARI—GROUNDS NOT PREVIOUSLY ALLEGED.

>   Under Laws 1896, p. 882, c. 908, § 250, providing that any person aggrieved by illegality, overvaluation, or inequality of assessment may petition for a writ of certiorari, stating the grounds, etc., when the only complaint made in the statement filed with the assessors in the petition for a writ of certiorari to review an assessment was as to overvaluation, that the relator, a nonresident, was assessed in the resident list, cannot be raised by motion to cancel the assessment on the petition, writ, and return, and an order appointing a referee to inquire into the allegation of overvaluation only will be sustained.

Appeal from Special Term, Westchester County.

Certiorari by the people, on the relation of Ferdinand Hermann, against Henry J. Kaufman and others, as town assessors, to review an assessment. From an order denying a motion to cancel the assessment and appointing a referee to inquire into the question of overvaluation only, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Howard H. Morse, for appellant.
Hugh A. Thornton, for respondents.

GAYNOR, J. The appellant's brief is very misleading. The principal argument in it is that the court below erred in not cancelling the assessment of the appellant's land on the motion therefor on the petition, writ and return, on the ground that the petitioner being a nonresident, he was nevertheless assessed in the resident list. But when we turn to the statement filed with the assessors on grievance day by the appellant, and to the petition for the writ of certiorari, we find no such grievance or illegality complained of. On the contrary, the appellant's sole complaint therein is that his assessment was erroneous for overvaluation, as compared with the assessment of other property, and unequal and he only asked for its reduction. The court below refused to inquire into the question of inequality, for the reason that the statement filed on grievance day did not specify the instances of inequality, i. e., in which the property of others was proportionately undervalued. This seems to be made the law by the courts (People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432; People ex rel. Erie R. Co. v. Webster, 49 App. Div. 556, 63 N. Y. Supp. 574), although there is no such requirement in the tax law (section 36, c. 908, p. 810, Laws 1896). There is a requirement that such instances be given in the petition for the writ of certiorari (section 250). The order appealed from appoints a referee to inquire into the allegation of overvaluation only.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements.

HOOKER, J., concurs. HIRSCHBERG, P. J., and RICH and MILLER, JJ., concur in result.