PEOPLE ex rel. NEW YORK, O. & W. RY. CO. v. WAKEMAN et al., Town Assessors.

(Supreme Court, Appellate Division, Third Department. March 23, 1911.)

TAXATION (§ 496*) — REVIEW OF ASSESSMENT — COMPLAINT OF PERSON AGGRIEVED—SUFFICIENCY.

    A petition for a review of an assessment stated that the assessment was erroneous for overvaluation and inequality, and was unequal because made at a higher proportionate valuation than other property in town, and alleged an overvaluation, for the reason that the proposed assessment was more than the full value of the property as found by the assessors at the time of making the assessment. Tax Law (Consol. Laws, c. 60) § 290, requires a petition for the review of an assessment to specify the instances in which the inequality exists. *Held,* that the petition was sufficient.

    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 903; Dec. Dig. § 496.*]

Proceeding by the People of New York, on the relation of the New York, Ontario & Western Railway Company, against Edwin Wakeman and others, as Assessors of the Town of Walton, Delaware County, N. Y. Defendants' motion to quash writ of certiorari was denied, and the order affirmed by this court, and appellants move for leave to appeal to the Court of Appeals. Motion denied.

See, also, 127 N. Y. Supp. 1138.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before SMITH, P. J., and KELLOGG, SEWELL, HOUGHTON, and BETTS, JJ.

Arthur G. Patterson, for the motion.

Charles L. Andrus, opposed.

PER CURIAM. Proceedings were instituted by the respondent, the New York, Ontario & Western Railway Company, to review an assessment of its property by the assessors of the town of Walton, Delaware county, N. Y. After the issuance of the writ of certiorari, the defendants made a motion at Special Term to quash the writ. The motion was denied, and the defendants appealed. The order denying the motion was affirmed by this court, and a motion is now made for leave to appeal to the Court of Appeals.

The contention of the appellants is that the conclusion as originally reached, as to the sufficiency of the complaint filed with the assessors on "grievance day," which constituted the basis of the proceeding, was "contrary to law, and at variance with the uniform line of reported cases in this state." Nothing is found in the cases cited by the appellants which could alter our conclusion. The statement filed with the assessors was that the assessment was erroneous for overvaluation and inequality; that "the proposed assessment of $310,517 against the property of said company in said town is erroneous, because made at an overvaluation, and unequal, because made at a higher proportionate valuation than any other property in said town." It also alleged "an overvaluation, for the reason that the proposed assessment of $310,517 is more than the full value of said property, in the condition it was found by the assessors at the time of making said assessment, and unequal, because none of the other property in said town is assessed at more than 50 per cent. of its full value."

There is nothing in the tax law requiring that the statement should specify the instances of inequality. It is true that it was said in People ex rel. Hermann v. Kaufman, 121 App. Div. 600, 106 N. Y. Supp. 305, that "this seems to be made the law by the courts"; and People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432, and People ex rel. Erie R. R. Co. v. Webster, 49 App. Div. 556, 563, 63 N. Y. Supp. 574, 578, were cited. An examination of these cases will show that they are not an authority for this doctrine. On the contrary, it was said in the latter case:

"Under the statute, if the error complained of is that the assessment is unequal, a complainant filing such statement is not required to state therein the instances wherein the other property upon the roll has been assessed at a less proportionate valuation than the property of such complainant. Such requirement would involve the preparation of the case for trial at the time of filing the statement, which is the first step in the proceeding. In the statement in this case the broad fact is stated that the assessment complained of is illegal, incorrect, and erroneous, for the reason that the valuation placed on the relator's property is unequal, and not in proportion to the valuation placed on the other property set forth in the assessment roll. The statement made is as full as it could have been made, unless the relator at the time, and before taking the preliminary step of filing it, had taken pains to ascertain the value of all the real property in the town. We think it was unnecessary to embody such facts in such preliminary statement; that the provision of the statute which requires the complainant to specify the respect in

which the 'assessment complained of is incorrect is complied with by stating that the property is assessed for more than its full value, or that the assessment is proportionately larger than upon all the other property in the town."

But, however that may be, it is clear that the court did not err in the case at bar by refusing to quash the writ, as the relator was entitled under this doctrine to a review of the assessment upon the question of overvaluation. It is also to be observed that the statement filed did specify the instances of inequality and the extent thereof as fully, clearly, and effectively as if a schedule showing the true value and the assessed valuation of all the other property in the town had been included in or annexed to the statement. In People ex rel. N. Y. C. & H. R. R. R. Co. v. Budlong, 25 App. Div. 375, 49 N. Y. Supp. 485, Mr. Justice Follett, in speaking of the sufficiency of a petition, which is required by section 290 of the tax law to specify the instance in which the inequality exists, said:

"In the petition and in the writ it is clearly and definitely stated that the valuation placed by the assessors upon the relator's property for the purpose of taxation is 95 per cent. of its actual value, and that the valuation placed upon the other property in the town for the purpose of taxation is but 50 per cent. of its value. This is a clear and definite assertion of a fact, which, if true, entitled the relator to relief."

It follows that the case was properly disposed of, and that the motion must be denied.