THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY C. WARD et al., as Executors of ROBERT B. WARD, Deceased, Appellants, *v.* GEORGE W. SUTTON, as Commissioner of Assessment and Taxation of the City of New Rochelle, et al., Respondents.

**Tax — petition for review of assessments — when overvaluation and inequality of assessment sufficiently charged.**

1. A petition for the review of assessments upon real property which states that the overvaluation of two parcels is $62,800, and also states, in effect, that the assessments have been made at the rate of 133 per cent of full market value sufficiently alleges overvaluation within the meaning of section 290 of the Tax Law (Cons. Laws, ch. 60) and is adequate, liberally construed, to require that opportunity be granted for a hearing and a trial.

2. A further allegation that the average assessment of other property is at the rate of 80 per cent of the full market value; that the property in question is assessed at the rate of 133 per cent; that such inequality exists not only in specific instances, but generally throughout the city; " and your petitioners specify as the instances in which such inequality exists all other real estate in said city * * * assessed upon the said assessment roll " is a substantial compliance with the statutory mandate that the petition is to specify " the instances in which such inequality exists and the extent thereof." (Tax Law, § 290.)

*People ex rel. Ward* v. *Sutton*, 189 App. Div. 919, reversed.

(Argued January 13, 1921; decided March 1, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 31, 1919, which reversed an order of Special Term denying·a motion to quash a writ of certiorari for the review of assessments upon relators' real property and granted said motion.

The facts, so far as material, are stated in the opinion.

*Walter H. Young* for appellants.    The petition herein complied with the requirements of section 290 of the Tax Law, specified the instances of inequality within the intent of the statute, and was sufficient to sustain the writ on the ground of inequality of assessment.    (L. 1896, ch. 908, § 250; *Matter of Corwin*, 135 N. Y. 245; *People ex rel. Fiske* v. *Feitner*, 95 App. Div. 217; *People ex rel. Warren* v. *Carter*, 109 N. Y. 576; *People ex rel. Allen* v. *Badgley*, 138 N. Y. 314; *People ex rel. N. Y., O. & W. Ry. Co.* v. *Wakeman*, 143 App. Div. 816; *People ex rel. Erie R. R. Co.* v. *Webster*, 49 App. Div. 556; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Budlong*, 25 App. Div. 373; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 App. Div. 175; 207 N. Y. 695; *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485.)

*Charles A. Van Auken* for respondents.    The petition herein fails to comply with the requirements of section 290 of the Tax Law in that it fails to specify the instances in which such inequality exists and the extent thereof, and the extent of such overvaluation on each parcel of property.    (L. 1880, ch. 269, § 1; *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. Ward* v. *Sutton*, 189 App. Div. 919; *People ex rel. Dickerman* v. *Sutton*, 189 App. Div. 918.)

CARDOZO, J.    The petitioners sued out a writ of certiorari for the review of assessments upon real property in the city of New Rochelle (Tax Law, sec. 290; Consol. Laws, chap. 60).    They charged both overvaluation and

inequality. The respondents moved to quash the writ on the ground that the petition was insufficient on its face. The motion, denied at Special Term, was granted at the Appellate Division, and the writ dismissed. The decision went " upon the ground that the petition is insufficient as to the claim of overvaluation because the extent of overvaluation is stated in the aggregate for both parcels assessed, not separately for each, and as to inequality because the instances in which said inequality exists are not specified."

(1) An owner who attacks an assessment as erroneous by reason of overvaluation must state " the extent of such overvaluation " in the petition for the writ (Tax Law, sec. 290). Here there are two parcels, separately assessed (Tax Law, sec. 21). The value of one was fixed by the assessors at $204,200; that of the other at $43,600; $247,800 is the total. The petition, grouping the two parcels as one, charges overvaluation to the extent of $62,800. This the Appellate Division held to be insufficient. Insufficient it would be unless amplified and explained. The validity of one assessment is independent of the validity of the other. There must be a statement of the proportion of the excess to be distributed to each. We think, however, that substantial compliance with that requirement may be found in later subdivisions. The petition states, in effect, that the assessments have been made at the rate of 133 per cent of the full market value. This means, we think, that each of them has been so made. The distribution of the excess between the parcels becomes in that view a matter of computation merely. The ratio of overvaluation is the same for one as for the other. The allegations might well be more definite and certain. They are adequate, liberally construed, to require that opportunity be granted for a hearing and a trial.

(2) The assessments are attacked also on the ground of inequality. In such circumstances, the petition is to

specify " the instances in which such inequality exists, and the extent thereof " (Tax Law, sec. 290). This petition alleges that the average assessment of other property is at the rate of 80 per cent of the full market value; that the property in question is assessed at the rate of 133 per cent; " that such inequality exists not only in specific instances, but generally throughout the city of New Rochelle; and your petitioners specify as the instances in which such inequality exists all other real estate in said city of New Rochelle assessed upon the said assessment roll." Reduction of the two assessments to $140,000 is then asserted to be necessary in order that they may be made proportionate to assessments elsewhere throughout the city.

We think that here again there is a substantial compliance with the statutory mandate (*Matter of City of New York*, 117 App. Div. 811). How many instances there shall be, the statute does not say. Some of the cases hold that the attack will be ineffectual if the instances are few (*Matter of Corwin*, 135 N. Y. 245, 252; *People ex rel. Fiske* v. *Feitner*, 95 App. Div. 217; 180 N. Y. 536). These petitioners have cut the ground for controversy away by enumerating as instances every parcel on the roll. The effect is the same as if they had annexed a copy of the roll itself (*People ex rel. N. Y., O. & W. R. Co.* v. *Wakeman*, 143 App. Div. 816, 818; *People ex rel. Erie R. R. Co.* v. *Webster*, 49 App. Div. 556, 565; *People ex rel. N. Y. C. & H. R. R. R. Co.* v. *Budlong*, 25 App. Div. 373, 375). The respondents might have ground for complaint if the number of instances had been too small. We think they have none because it is extravagantly large.

The order of the Appellate Division should be reversed, and that of the Special Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., HOGAN, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order reversed, etc.