PEOPLE ex rel. NATHAN SZERLIP, Relator, *v.* HENRY M. GOLDFOGLE et al., as Commissioners of Taxes and Assessments of the City of New York, Respondents.

Supreme Court, Kings Special Term, January, 1922.

Certiorari — real estate — assessment for taxation — rentals should be considered in fixing values.

Before the court is justified in disturbing an assessment fixed by a public official, the relator on certiorari to review must overcome the presumption that the assessment is correct.

The rentals of apartment houses in the city of New York should be considered in determining their value, and where on certiorari to review the assessments on seven of such apartments the relator's experts declare that in fixing valuation they had not considered the rentals, and upon all the testimony it does not appear that the assessments are above the fair market value of the properties, the proceeding will be dismissed.

CERTIORARI to review assessments.

*Sidney Szerlip,* for relator.

*John P. O'Brien, Corporation Counsel (Frank J. Ryan,* of counsel), for respondents.

CALLAGHAN, J. This proceeding cannot be considered from the standpoint of inequality of assessments as the petition does not allege or the proof show any inequality within the rule of law governing such cases. It is not sufficient to show a lower assessment, as was done here, of property adjoining two of the parcels under review. *People ex rel. Fiske* v. *Feitner,* 95 App. Div. 217. Is the assessment higher than the market value of the property? The market value must be determined by the price for which a willing owner would sell and a willing purchaser would buy. The usual disagreement of experts on value is present here. Those testifying for the owner have placed a value on the property far less than the assessed value, while the city's expert has fixed a value far in excess of that amount. There is of course a presumption

that the assessment is correct, as it was fixed by a sworn public official. That presumption must be overcome by the relator before the court is justified in disturbing the assessment. The properties in question, seven in all, are large apartment houses. The rentals at present are, by reason of the abnormal times, much higher than a few years ago. But rentals should be considered in determining values of such property. *Matter of City of N. Y.,* 118 App. Div. 272. It is a matter of common knowledge that the men who are considering the purchase of property of this character inquire carefully into the question of rents. Yet the relator's experts declare that they have not considered the amount of rent in fixing their valuations. If their values are to be sustained as the market value of the property the relator would receive a gross return of more than twenty per cent upon the properties. That sum is considered a very handsome return upon apartment property even in abnormal times, and while rentals do not necessarily control, they are an element which should be considered as the most practical in fixing values. Upon all the testimony here I find that the relator has not shown that the assessment is above the fair market value of the property. The proceeding is, therefore, dismissed.

Ordered accordingly.