THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYLAND REALTY
Co., INC., Petitioners, v. JACOB A. CANTOR, HENRY M. GOLD-
FOGLE et al., Commissioners of Taxes and Assessments of the
City of New York, Respondents.

Supreme Court, Kings Special Term, February, 1924.

**Taxation — certiorari to review assessment — assessments on real property
presumed correct — failure of petition to specify instances of inequality
of assessment pursuant to Greater New York charter, § 906 — failure
of relator to establish assessments as excessive — order dismissed and
assessment confirmed.**

The presumption obtains that an assessment on real property is correct.
On certiorari to review an assessment upon real property in the city of New
York on the ground of inequality and overvaluation, the point that the petition
does not specify the instances in which inequality exists and the extent thereof,
as required by section 906 of the city charter, is well taken.
Where the only instances of alleged inequality given by relator are two lots
adjoining the premises under review, the presumption, in the absence of
evidence as to the market value of said lots or of any detail deemed by the court
necessary as elements of comparison, is that the assessments complained of are
correct and the relator having failed to overcome such presumption or to
affirmatively establish that the assessments are excessive, the order of certiorari
will be dismissed and the assessments confirmed with costs to be taxed under
section 294 of the Tax Law.
*Szerlip* v. *Goldfogle*, 118 Misc. Rep. 8, followed.

CERTIORARI proceedings to review real property assessments.

*Louis Heaton Pink*, for petitioners.

*George P. Nicholson*, corporation counsel (*Frank J. Ryan*, assistant
corporation counsel, of counsel), for respondents.

DIKE, J.   These two certiorari proceedings have been instituted
by the relator to review the assessments for the years 1921 and
1922 upon two parcels of property owned by the relator, designated
lots 49 and 52, block 6703, section 20, in the borough of Brooklyn.
The assessments appear on the rolls as follows: 1921, lot 49,
$110,000; 1921, lot 52, $125,000; 1922, lot 49, $110,000; 1922, lot
52, $125,000.   Inequality and overvaluation are urged upon the
court as grounds for review and reduction of the assessments for
these years.   As to inequality, the relator, on the final submission
of the case, admits there is not sufficient evidence to justify a
reduction of the assessments on that ground alone, and that it
rests primarily upon the overvaluation thereof.   Section 906 of the
charter of the city of New York sets forth specifically the require-
ments of a relator challenging the correctness of an assessment, and,

29

as partially stated therein, " a certiorari to review or correct * * * shall be allowed * * * but only on the grounds which must be specified in such petition, that the assessment is illegal, and giving the particulars of the alleged illegality, or that it is erroneous by reason of overvaluation, or, in case of real estate, that the same is erroneous by reason of inequality in that the assessment has been made at a higher proportionate valuation than the assessment of other real estate of like character in the same ward or section or other real estate on the tax-rolls of the city for the same year, specifying the instances in which such inequality exists, and the extent thereof." The relator urges the element of inequality as only subsidiary to the inquiry, but urges that it has a direct bearing upon overvaluation. There is always a strong presumption of the correctness of the assessments. The really serious attack made by the respondents upon the petition herein is that it " does not specify the instances in which inequality exists and the extent thereof." This point, it seems to me, is well taken. *People ex rel. Warren* v. *Carter*, 109 N. Y. 576; *People ex rel. Sutphen* v. *Feitner*, 45 App. Div. 542; *People ex rel. Coney Island Jockey Club* v. *Purdy*, 152 id. 175. In *People ex rel. Allen* v. *Badgley*, 138 N. Y. 314, 317, the court said: " It always happens upon every assessment roll that some pieces of property are assessed at a higher rate of valuation than others, and out of proportion to other property. But before a taxpayer, whose property is not assessed for more than its value, can be said to be aggrieved and claim a reduction of his assessment, he must establish that his property is assessed at a higher proportionate rate than property generally in the town." Mr. Justice Scott, in *People ex rel. Boehm* v. *Wells*, 92 N. Y. Supp. 769, said: " In the application now under examination the petitioners made no attempt to show that their property had been overvalued in comparison with real estate generally in the same county, but contented themselves with attempting to show that it had been valued at a higher rate, in proportion to its actual value, than certain other specified pieces of property upon the same block or in the same immediate vicinity; and in most cases, even as to these specified pieces, while they state the assessed value, they wholly omit to state the real value. In my opinion, the relators have failed to lay a proper foundation for any inquiry into the alleged inequality of assessment." Applying the rule in the above case to the present inquiry, in the case of the assessment of 1921 the only instances of alleged inequality given by the relator are lots 43 and 46, adjoining the premises under review, but no statements as to the market value of these two lots, or any details that I should deem necessary as to these parcels, as elements for comparison, are

given. Mr. Justice Callaghan, in 1922, in a proceeding entitled *Szerlip* v. *Goldfogle*, 118 Misc. Rep. 8, carefully considered the rules applicable to situations of this kind, and it seems to me that I am bound by that decision, under the facts as submitted to me in this application for certiorari. I, therefore, find that the relator has failed to overcome the presumption that the assessments are correct or to affirmatively establish that the assessments are excessive, and I further conclude that the writs should be dismissed and the assessments confirmed, costs to be taxed pursuant to the provisions of section 294 of the Tax Law.

Ordered accordingly.