The People of the State of New York ex rel. The Dexter Sulphite Pulp and Paper Company, Respondent, Appellant, *v.* James Hughes and Others, Assessors and Constituting the Board of Assessors of the Town of Osceola, Lewis County, New York, Appellants, Respondents, Impleaded with Elizabeth Linebeck, Town Clerk of the Said Town, and Another, Defendants.

Fourth Department, May 5, 1926.

Taxation — certiorari to review assessments under Tax Law, § 290 et seq.— petition alleges illegality, overvaluation and inequality of assessments — sufficiency of petition — assessment of " 9½ miles of Railroad " is not illegal in that assessment includes equipment which is subject to assessment in town of petitioner's residence — petition should have shown that personal property was included in said assessment — " railroad " means real property — railroad being in town where assessed, assessors had jurisdiction — petition is insufficient as to overvaluation and inequality, since no facts are alleged to sustain said charges.

A petition in certiorari proceedings, under section 290 *et seq.* of the Tax Law, to review assessments levied against parcels of real property owned by the petitioner on the ground of illegality, overvaluation and inequality of assessments, is insufficient to show illegality as to the railroad assessed for taxation, on the ground that the assessors included personal property which was assessable only at the place of residence of the petitioner, since the petition merely alleges that the assessment entered in the tax roll reads: " Dexter Company, 9½ miles of Railroad, $26,000.00," and does not allege or show that the equipment of the railroad was included within the assessment. The assessment as made on the tax roll must be construed as an assessment on real property, for the term " railroad " as used, does not in itself include the equipment of the railroad but relates to the real property only. The railroad being in the town where assessed, the assessors had jurisdiction to assess it if it was real property, and it must be presumed that they assessed it as such.

The petition is also insufficient on the questions of overvaluation and inequality of the assessments, since it fails to show sufficient facts to raise these issues. The petition points out many parcels of land owned by the petitioner within the town, which it claims were overvalued, but does not, as to any parcel, state

the true or market value thereof, and gives no other facts from which it may be determined that the property was overvalued.

As to the question of inequality, the allegations are general and the petitioner failed to state any facts tending to show that there was an inequality between the assessment of its lands and lands of others within the town. Lower assessments on adjoining property are not sufficient to show inequality of assessment.

The charge that all the personal property in the town liable for taxation was not assessed, and that the real and personal property in the town other than that of the petitioner was not assessed at its full and true value is not sustained by the facts alleged in the petition, for the petition does not point out what personal property was omitted from the roll, nor does it state what property other than that of the petitioner was not assessed at its full and true value.

SEARS and TAYLOR, JJ., dissent in part; DAVIS, J., dissents in part, with opinion.

APPEAL by the relator from so much of an order of the Supreme Court, made at the Jefferson Special Term and entered in the office of the clerk of the county of Lewis on the 1st day of July, 1924, as adjudges that the petition of the relator herein, upon which the writ of certiorari issued and was granted, was insufficient and inadequate to entitle the relator to relief from the assessments complained of, upon the ground of overvaluation, for the reason that said petition fails to state the extent of such overvaluation of the real estate of the relator assessed upon the assessment roll of the town of Osceola for the year 1923.

Appeal by the defendants, James Hughes and others, from said order denying their motions to quash the writ of certiorari heretofore granted and directing them to make a return.

*Miller & Bentley* [*Merritt A. Switzer* of counsel], for the appellants, respondents.

*Frank Bowman* [*W. A. Porter* of counsel], for the respondent, appellant.

CLARK, J. The relator has proceeded by writ of certiorari for the review of assessments levied in 1923 against many parcels of real property owned by it and located in the town of Osceola, Lewis county, N. Y.

It alleges in its petition illegality, overvaluation and inequality of the assessments. (Tax Law, § 290, as amd. by Laws of 1916, chap. 323.)

Respondents did not make return to the writ but moved at Special Term to have it quashed on grounds which in substance charged that the petition was on its face insufficient to give the court jurisdiction.

On grievance day the relator appeared before the assessors of the town of Osceola and filed a verified complaint objecting to the assessments for 1923 against its property in said town, and the

**628**  People ex rel. Dexter Sulphite P. & P. Co. *v.* Hughes.

Fourth Department, May, 1926.                    [Vol. 216

complaint so filed is annexed to and made part of the petition in this proceeding. The complaint and petition should, therefore, be considered together, without considering immaterial matters contained in affidavits and correspondence filed with the court after the statement and petition had been filed and the writ granted. The Special Term granted the motion to quash the writ in so far as it had reference to overvaluation, holding that the petition failed to state the extent of overvaluation, and was, therefore, inadequate, but denied the motion in other respects, except to dismiss the writ as to the town clerk and supervisor of the town, holding that as to the charges of illegality and inequality, the petition was sufficient and adequately set forth the grounds of relator's complaint.

Section 290 *et seq.* of the Tax Law (as amd. by Laws of 1916, chap. 323, and Laws of 1920, chaps. 643, 649) provides that any person assessed upon any assessment roll, claiming to be aggrieved by any assessment for property therein, may by writ of certiorari apply for relief on the following grounds: *First.* For illegality, but the grounds of the claimed illegality must be specified. *Second.* For being erroneous, because of overvaluation, but in that case the extent of the claimed overvaluation must be stated. *Third.* For being unequal in that the assessment complained of has been made at a higher proportionate valuation than the assessment of other property on the same roll, specifying the instances in which such inequality exists and the extent thereof.

I think the relator has failed to set forth either in its complaint or petition sufficient facts to entitle it to raise the questions either of illegality, overvaluation or inequality of the assessments.

The sole ground of the claim that the assessment is illegal has reference to the assessment of relator's railroad in the town of Osceola.

In the complaint filed with the assessors it was charged that the respondents (assessors) had no jurisdiction in their attempted assessment of relator's railroad, entered on the tax roll of 1923 in said town as follows: " Dexter Company, $9\frac{1}{2}$ miles of Railroad, $26,000.00," and that it constitutes a double assessment, and if assessable at all it should be as personal property at relator's place of residence at Brownville, Jefferson county, N. Y., where is located its principal office for the transaction of business.

Practically the same objection as to this assessment is pointed out in the 9th subdivision of the petition.

Concededly this nine and one-half miles of railroad is the property of relator, and is physically located in the town where the assessment was made, so the respondents had jurisdiction. Relator claims that this is not a railroad.

A railroad is " a road specially laid out and graded having parallel rails of iron or steel for the wheels of carriages or cars drawn by steam or other motive power to run upon." (33 Cyc. 33.)

There is nothing in the entry on the assessment roll indicating that the assessors intended to assess the rolling stock of this railroad. On the contrary, the terms of the entry, " $9\frac{1}{2}$ miles of Railroad," concededly physically located in the town of Osceola, indicate that the term "railroad" was used in its ordinary sense, being a graded road with parallel rails of iron or steel for the wheels of cars to run on.

The complaint filed with the assessors should have pointed out in more detail what, if any, personal property had been included in this item of the assessment. The railroad being in their town the assessors had jurisdiction to assess it if it was real property. (Tax Law, § 9, as amd. by Laws of 1911, chap. 315, and Laws of 1916, chap. 323.)

It must be presumed that the assessors performed their duties properly (*People ex rel. Rayland Realty Co., Inc.,* v. *Cantor,* 122 Misc. 449) and assessed the railroad as real and not personal property.

The burden was on relator to show that the assessment was in fact in regard to personal property, but the moving papers did not set forth any facts tending to show that personal property was included in the railroad assessment.

The description of this railroad as entered on the tax roll was such that no one could be deceived, either as to the quantity of land assessed or its location (*People ex rel. Mohawk & Malone R. Co.* v. *Garmon,* 63 App. Div. 530), and the right of way and tracks constituted real property taxable within the town where located. (*People ex rel. New York & Harlem R. R. Co.* v. *Comrs. of Taxes of N. Y.,* 101 N. Y. 322; Tax Law, §§ 9, 11.)

The railroad assessed being in the town of Osceola the assessors had jurisdiction of the subject-matter, and in the absence of sufficient facts in the petition pointing out what, if any, personal property was included in the assessment, and wherein it was a double assessment, the complaint and petition are deemed insufficient to raise the question of illegality of assessment. (*People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; affd., 222 N. Y. 657; *People ex rel. Masonic Hall Assn.* v. *White,* 126 Misc. 661.)

Likewise, on the questions of overvaluation and inequality of the assessments, the petition is insufficient and inadequate, for it fails to show sufficient facts to raise these issues.

The relator in its petition and complaint filed with the assessors, pointed out many parcels of its land located in Osceola which it claims have been overvalued, but in not one instance is the true

**630**  People ex rel. Dexter Sulphite P. & P. Co. *v.* Hughes.

Fourth Department, May, 1926.                    [Vol. 216

or market value of any of these parcels given. Relator contents itself by putting down the assessed valuation, but gives no other facts. That is insufficient, for the extent of the overvaluation should have been given, and the facts showing inequality in assessments should have been stated. (*People ex rel. Soeurbee, Inc.*, v. *Purdy*, 179 App. Div. 748; affd., 222 N. Y. 657; *People ex rel. Sutphen* v. *Feitner*, 45 App. Div. 542; *People ex rel. Mills* v. *Purdy*, 177 N. Y. Supp. 277; *People ex rel. O' Neil* v. *Purdy*, 188 App. Div. 485; *People ex rel. N. Y. C. R. R. Co.* v. *Wadsworth*, 210 id. 865.)

The last case cited was decided by this court. The petition charged that the assessment was " illegal, erroneous, unjust and inequitable; " that it was erroneous in that it was unequal and disproportionate, as it was made at a higher proportionate valuation than the assessments upon the other property generally on said assessment roll; that the property on the roll other than that of petitioner was not assessed at its full and true value, and not over fifty per cent thereof, and it refers to all property on the assessment roll other than that of the petitioner. Values of separate parcels either of petitioner's lands, or lands of other parties assessed on the same roll were not given.

The writ was quashed at Special Term on the ground that the petition failed to set forth the extent of overvaluation or inequality as to individual parcels, and the order was affirmed on appeal to this court.

Lower assessments on adjoining property are not sufficient to show inequality of assessment. (*People ex rel. Rayland Realty Co., Inc.*, v. *Cantor*, 122 Misc. 449.)

The relator charges that the assessment against its property was invalid and erroneous, because the roll does not contain all of the personal property in said town liable for taxation, and because the real and personal property in said town other than that of relator is not assessed at its full and true value, and that the assessments are unequal because made at a higher proportionate valuation than other real property belonging to property owners in said town and assessed on the same roll, but the petition does not give sufficient facts to support these allegations. It does not point out what personal property has been omitted from the roll, and it does not specifically point out what property other than that of relator is not assessed at its full and true value, and it does not show facts to justify the bald assertion that relator's property was assessed at a " grossly higher proportionate valuation " than other property owned by other parties and assessed on the same roll. It does not point out the full and true value of relator's property, and it does not give instances of property of other parties

assessed on said roll at a lower proportionate valuation than the assessments against property owned by relator.

If it be assumed that the relator had alleged in the petition and complaint that every other parcel of real estate in the town except the parcels owned by the relator was assessed at a fixed percentage of true value and the petition and complaint had then given the fair market value of the relator's land, the case of *People ex rel. Ward* v. *Sutton* (230 N. Y. 339) would have been an authority sustaining the relator's contention that the petition and complaint state sufficient facts to require the issues of overvaluation and inequality to be tried. In the absence, however, of such allegations, the case becomes an authority for the board of assessors.

The complaint and petition are insufficient and inadequate to properly raise the questions either of illegality, overvaluation or inequality of assessment.

The order in so far as it adjudges that the petition on which the writ was issued was insufficient to raise the question of overvaluation, and in so far as it dismisses the writ as against the supervisor and town clerk, should be affirmed, but in all other respects the order should be reversed and the motion to quash the writ is granted, with costs to the respondents, the board of assessors.

CROUCH, J., concurs; DAVIS, J., concurs as to the assessment on the railroad, but dissents in an opinion as to overvaluation and inequality; SEARS, J., concurs in result, except as to the assessment on the railroad, as to which he votes to affirm; TAYLOR, J., concurs except as to inequality, as to which he votes to affirm.

DAVIS, J. (dissenting). I cannot give assent to the strict rule stated in the prevailing opinion relative to the essential allegations in the petition for a writ of certiorari to review an assessment. A petition is in the nature of a pleading and conclusions of fact may be stated, without the evidence necessary to support them. (*Matter of Corwin*, 135 N. Y. 245, 252; *People ex rel. Empire Mortgage Co.* v. *Cantor*, 198 App. Div. 317.) It is sufficient if the petition states the material facts (Civ. Prac. Act, § 241); and substantial compliance with the statute is all that is required under the modern rule of liberal construction of pleadings. (*People ex rel. Ward* v. *Sutton*, 230 N. Y. 339, 342; *Matter of City of New York*, 117 App. Div. 811; *People ex rel. Edison, etc., Co.* v. *Feitner*, 86 id. 46.)

In general when considering the sufficiency of the petition, little notice need be taken of the form of the complaint filed on grievance day, if it fairly apprises the assessors of the objection

**632** People ex rel. Dexter Sulphite P. & P. Co. *v.* Hughes.

Fourth Department, May, 1926. [Vol. 216

raised. Assessors in rural towns are usually acquainted, both with the property and the owners. Filing a verified statement " specifying the respect in which the assessment complained of is incorrect " (Tax Law, § 37, as amd. by Laws of 1916, chap. 323) is all that the law requires. The rule to be laid down must apply to all owners, large and small. It would indeed be unfortunate if a small landowner in a rural town seeking on grievance day to correct some error made by the assessors in the assessment of his property, was required to prepare his complaint with nicety and precision in respect to form. The statute differs from that operative in New York city where the assessments are vastly more large and numerous. (See Greater New York Charter [Laws of 1901, chap. 466], §§ 895, 906, as amd. by Laws of 1911, chap. 455, and Laws of 1913, chap. 324.) Under the provisions of this and preceding statutes it is required that the application for correction of the assessment shall contain a written statement of the " ground of objection " (*People ex rel. Sutphen* v. *Feitner,* 45 App. Div. 542), and the courts have held the applicant to strict compliance with the law. (*People ex rel. O'Neil* v. *Purdy,* 188 App. Div. 485.) But under the provisions of section 37 of the Tax Law the assessors are given the right to examine the complaining party and require him to produce any papers relative to the assessment. They are, therefore, in a position to obtain the facts. If they do not avail themselves of this privilege, we may assume they were satisfied, and waived any insufficiencies or irregularities in the complaint not highly vital or material in the purpose of getting the grievance before the board. (*People ex rel. Erie R. R. Co.* v. *Webster,* 49 App. Div. 556, 565; *People ex rel. Brooklyn Union Gas Co.* v. *Feitner,* 82 id. 368.)

A stricter rule must no doubt be applied to the petition presented on application for a writ of certiorari. Yet here a high regard for formalism should not prevent a person unjustly burdened from having his fair day in court, if it appears that he is proceeding in good faith, and not with the ulterior purpose of obtaining reduction through long delay or vexatious litigation.

As to overvaluation, the petition must set forth the " extent of such overvaluation." (Tax Law, § 290, as amd. by Laws of 1916, chap. 323.) The petition stated that " each and every parcel * * * is overvalued and assessed at more than fair market value." That by liberal construction may be deemed " the extent " of overvaluation. It would undoubtedly be better pleading to have given in figures the market value, even if it was nothing more than the owner's opinion. But if the allegation was too indefinite the assessors might have moved before filing their

return to have the petition made more definite and certain.   (*People ex rel. N. Y. C. & H. R. R. Co.* v. *Budlong*, 25 App. Div. 373.) Such allegations of value may be made on information and belief and on a hearing the court may permit an amendment to the petition to conform to the proof.   (*People ex rel. Congress Hall* v. *Ouderkirk*, 120 App. Div. 650.)   Other allegations in the petition may be considered in amplification of those particularly referring to overvaluation.   (*People ex rel. Ward* v. *Sutton, supra.*)   Petitions not more definite than this on the subject have been held sufficient (*People ex rel. N. Y., O. & W. R. Co.* v. *Wakeman, No. 3*, 143 App. Div. 816; *Marlborough Hotel Co.* v. *Feitner*, 33 Misc. 293), and I am inclined to the view that this petition in that respect was sufficient under the circumstances.   The assessors have not been misled as to petitioner's position, that they had assessed its property in a larger amount than its market value, which is more than the law permits.

As to inequality, the question is to me much more clear.   The statute provides that the petition must state " that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances in which such inequality exists, and the extent thereof."   (Tax Law, § 290, as amd. *supra.*)

The petition states that the assessment is erroneous " because the real and personal property in said town other than that of your petitioner is not assessed at its full and true value according to law   *   *   *;   because the property of your petitioner and each and every parcel thereof above set forth and referred to is overvalued and assessed at more than fair market value;   *   *   * because said assessment and assessments and each of them are unequal in that the same have been made at a grossly higher proportionate valuation on the same roll by the same officers than other real property belonging to property owners and occupants thereof in said town, other than your petitioner;   *   *   *   and because said property of your petitioner is assessed at more than its full and true value while the real property belonging to property owners and occupants thereof in the same town, other than your petitioner, is assessed at not more than 25 to 40 per cent of full and true value."

It seems to me the claim is fairly stated that though there is a scheme or plan quite generally applied in the assessment of other property in this town at from twenty-five to forty per cent of its value, a different rule has been applied to the property of petitioner, to wit, an assessment at more than its full value.   (*People ex rel. N. Y., O. & W. R. Co.* v. *Wakeman, No. 3, supra; People ex rel. N. Y. C. & H. R. R. Co.* v. *Budlong, supra; People ex rel. Broadway*

*R. Co.* v. *Feitner,* 61 App. Div. 156; affd., on opinion below, 168 N. Y. 661.) This gives jurisdiction for review of the assessment in the courts, there having been a substantial compliance with the terms of the statute. (*People ex rel. Ward* v. *Sutton, supra.*) As to proceedings to review assessments in rural towns, the rule as to pleading is much more liberal, as I have stated before, than that applied to similar proceedings in the city of New York under the provisions of another statute. (See *People ex rel. Erie R. R. Co.* v. *Webster, supra,* 565.)

Therefore, I favor a more liberal rule than is being applied to the construction of the petition by the majority of this court, · and vote to affirm that part of the order which holds the petition sufficient on the question of inequality, and to reverse that portion which holds it insufficient on the question of overvaluation.

Order reversed except in so far as it holds the writ insufficient for overvaluation, as to which it is affirmed, and the motion to quash the writ is granted, with costs to the board of assessors.