THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BROOKLYN UNION GAS COMPANY, Appellant, v. WILLIAM STANLEY MILLER and Others, Commissioners of Taxes and Assessments, Constituting the Board of Taxes and Assessments, Head of the Department of Taxes and Assessments of the City of New York, Respondents.

Second Department, January 10, 1938.

*Jackson A. Dykman* [*Harry G. Hill* with him on the brief], for the appellant.

*Edward Garfield* [*Paul Windels, Corporation Counsel,* and *Oscar S. Cox* with him on the brief], for the respondents.

DAVIS, J. In 1935 the deputy commissioners of taxes and assessments made assessments on separate parcels of property belonging to the relator in the borough of Brooklyn and filed these assessments with the board of taxes and assessments of the city of New York. Such assessments were duly recorded in the book provided by law therefor, with a separate valuation on each parcel. It may be assumed that the value placed on these separate parcels by the deputy commissioners was the value for which the property would sell, as provided by section 896 of the Greater New York Charter, as amended.

The books were open for the inspection of the public on October first, and the relator was satisfied with such assessments. Thereafter, claiming to act under the provisions of the charter, the commissioners selected seventeen of these parcels and transferred them to another book under an " identification number," in two groups, and increased the assessment, by a process called " equalization," from $21,262,350 to $40,609,950. This was made

up of two lump sums, with no indication of the increase on the particular parcels.

Notice of such increase was given to the relator and it filed a written application for reduction; and later there was a hearing before the commissioners in which arguments were made and some proof offered. The application for reduction was denied.

The relator then instituted this proceeding in certiorari to review such assessments on grounds of illegality, overvaluation and inequality. The commissioners, before making any return, moved to strike out certain paragraphs of the petition and to quash the writ of certiorari to the extent that it granted a review on overvaluation and inequality. The motion was granted, and the relator appeals.

The basis of the motion and of the decision was that neither in the original application to reduce nor in the petition for a writ of certiorari did the relator comply with the provisions of the charter by specifying clearly the objections to the assessment and the grounds for the objections as regards overvaluation, nor by specifying the instances in which such inequality existed and the extent thereof. (Greater New York Charter, §§ 904, 907.) It is claimed in particular that no specified value of the property was stated.

The relator has very frankly said, in its application for reduction and in its petition, that the parcels thus grouped could not be sold under ordinary circumstances as one parcel; and they would not under ordinary circumstances sell for the increased sum for which they were assessed, and were, therefore, overvalued. Moreover, repeatedly on the application for reduction, on the hearing, and in the petition for review, the objectant stated that the original assessment was just and reasonable and represented the fair value of the property as assessed in different parcels, which assessment it adopted and accepted. It relied on the fact that the deputy assessors had assessed these parcels at the value for which they would sell, as the law prescribed. Further it was stated that the increased total of the assessment was erroneous to the extent that it was in excess of the aggregate of the separate valuation of the separate parcels as originally assessed, and, therefore, constituted an overvaluation to the amount of $19,347,600. At no time on the hearing for reduction were the commissioners misled by the claims of the owner of the property in question.

A petition in certiorari proceeding is in the nature of a pleading, and only conclusions of fact need to be stated and not the evidence necessary to support them. (*Matter of Corwin*, 135 N. Y. 245, 252; *People ex rel. Empire Mortgage Co.* v. *Cantor*, 198 App. Div. 317, 318.)

The liberal rule in respect to a pleading in an action will, therefore, be applied to the petition. The relator, as already stated, has adopted and accepted the original assessed value as an irreducible minimum, and has stated that the overvaluation is $19,347,600; so that its claim of actual value may be determined by the simple process of subtraction. Notice is fairly given to the respondents in respect to overvaluation; and it can scarcely be said that it is possible for the relator to be more clear and specific under the circumstances. Such allegations, lacking a specific statement of value, have often been accepted as sufficient by the courts where similar objections have been made by the tax authorities. (See *People ex rel. Broadway R. Co.* v. *Feitner*, 61 App. Div. 156; affd., 168 N. Y. 661; *People ex rel. Edison El. Ill. Co.* v. *Feitner*, 86 App. Div. 46; *Matter of City of New York*, 117 id. 811; *People ex rel. Ward* v. *Sutton*, 230 N. Y. 339, 341.)

When the owner is unable to give more definite information by reason of the acts of the assessment authorities, and, therefore, is without sufficient knowledge of the facts to make more definite statements of value, the petition will be held sufficient. (*People ex rel. L. I. R. R. Co.* v. *Tax Comrs.*, 231 N. Y. 221, 227.)

The claims in respect to inequality are not definite, and " the instances in which * * * inequality exists and the extent thereof " are stated more or less in general terms. It may be doubtful that the claim of inequality will be of any practical value to the relator because of the lack of property of a type comparable with that owned by relator. However, it may be that in the process of " equalization " this property has been increased at a rate disproportionate to that of other property in general. Under the circumstances, the petition may be deemed sufficient so that the relator may have its day in court. (*People ex rel. Ward* v. *Sutton, supra*, p. 342; *People ex rel. Dexter S. P. & P. Co.* v. *Hughes*, 246 N. Y. 35, 39.)

The order, in so far as an appeal is taken therefrom, should be reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

HAGARTY, ADEL, TAYLOR and CLOSE, JJ., concur.

Order, in so far as an appeal is taken therefrom, reversed on the law and the facts, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs. Respondents may file and serve a return within ten days after the entry of the order hereon.