THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE DEXTER SULPHITE PULP AND PAPER COMPANY, Appellant, *v.* JAMES HUGHES et al., Constituting the Board of Assessors of the Town of Osceola, Respondents.

**Tax — assessment — certiorari — assessment of private railroad — word "railroad" as used by assessors assumed to imply real estate — petition for certiorari to review assessments for overvaluation inadequate where it fails to state extent thereof — petition alleging inadequacy of valuation as the rule to which relator is sole exception sufficient as to inequality — motion to quash writ properly denied.**

1. An entry on a tax roll " Dexter Company, 9½ miles of Railroad " is legal only as an assessment of real property. Rolling stock should be assessed elsewhere as personal property. The assessment, however, applies to a private railroad and the presumption of regularity of official action permits the conclusion that the word "railroad" as used by the assessors implies real estate as defined in the Tax Law and does not include equipment.

2. A petition for a writ of certiorari to review tax assessments for overvaluation which enumerates many parcels of relator's land which it asserts are overvalued, gives the assessed value, but fails to state the true value, is inadequate. Section 290 of the Tax Law requires the petition to state the extent of such overvaluation.

3. A statement in the petition that " the property of your petitioner is assessed at more than its full and true value while the real property belonging to property owners and occupants thereof, other than your petitioner, is assessed at not more than 25 to 40 per cent of full and true value " is a sufficient allegation of inequality. The petition meets the requirement of the Tax Law (§ 290) by showing " that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll." A motion to quash the writ of certiorari was, therefore, properly denied.

*People ex rel. Dexter Sulphite P. & P. Co.* v. *Hughes,* 216 App. Div. 626, reversed.

(Submitted June 22, 1927; decided July 20, 1927.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered

36   People ex rel. Dexter S. P. & P. Co. *v.* Hughes.

[246 N. Y. 35]                    Points of counsel.                    [July,

May 5, 1926, which reversed an order of Special Term denying a motion to quash a writ of certiorari to review assessments upon real property of relator for purpose of taxation and granted said motion.

*Frank Bowman* for appellant.   If an assessment is illegal, or if erroneous by reason of overvaluation, or if the assessment is unequal, any party aggrieved may have a writ of certiorari to review the assessment.   (*Matter of Corwin* v. *Assessors,* 135 N. Y. 245; *Zabriskie* v. *Smith,* 13 N. Y. 330; *Kain* v. *Larkin,* 141 N. Y. 144.)   The petition alleges the illegality of the assessment "nine and one-half miles of railroad $26,000 " and specifies the grounds of the illegality of such assessment.   (*Matter of Corwin* v. *Assessors,* 135 N. Y. 245; *McCleary* v. *Babcock,* 169 Ind. 228; *Louisville R. Co.* v. *Louisville City R. Co.,* 2 Duv. [Ky.] 175; *State* v. *Duluth Gas, etc., Co.,* 76 Minn. 96; *Funk* v. *St. Paul City R. R. Co.,* 61 Minn. 435; *Scott* v. *Farmers, etc., Bank,* 97 Tex. 31; *Mass. L. & T. Co.* v. *Hamilton,* 88 Fed. Rep. 588; *Gibbs* v. *Drew,* 16 Fla. 147; *People ex rel. Empire Mortgage Co.* v. *Cantor,* 198 App. Div. 317; *People ex rel. N. Y. C. R. R. Co.* v. *Budlong,* 25 App. Div. 373.)   The allegations of the petition as to overvaluation are sufficient to give the court jurisdiction to issue a writ of certiorari to review the assessment of the relator's property on the ground of overvaluation.   (*People* v. *Adams,* 10 N. Y. Supp. 295; *People* v. *Feitner,* 95 N. Y. Supp. 10; *Parmenter* v. *Fitzpatrick,* 135 N. Y. 190; *People ex rel. N. Y. C. R. R. Co.* v. *Budlong,* 25 App. Div. 373; *People ex rel. O. & W. R. Co.* v. *Wakeman,* 143 App. Div. 816.) The allegations of the petition are sufficient to raise the question of inequality.   (*People ex rel. Ward* v. *Sutton,* 230 N. Y. 339; *People ex rel. N. Y. C. R. R. Co.* v. *Budlong,* 25 App. Div. 373; *People ex rel. Erie R. R. Co.* v. *Webster,* 63 N. Y. Supp. 574.)

*Merrit A. Switzer* and *William K. Bentley* for respondents.   The statute requires that the extent of the alleged

overvaluation be stated.   (*People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; *People ex rel. Mills* v. *Purdy,* 177 N. Y. Supp. 277; *People ex rel. Sutphen* v. *Feitner,* 45 App. Div. 542; *People ex rel. Grossman* v. *Goldfogle,* 219 App. Div. 68.)  The statute requires that the instances in which inequality exists and the extent thereof be stated.   (*People ex rel. O' Neil* v. *Purdy,* 188 App. Div. 485; *People ex rel. American Mfg. Co.* v. *Commissioners, etc.,* 104 Misc. Rep. 703.)  Failure to state in the petition the matters required by the statute constitutes a jurisdictional defect.   (*People ex rel. O' Neil* v. *Purdy,* 188 App. Div. 485; *People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; 222 N. Y. 657; *People ex rel. Mills* v. *Purdy,* 177 N. Y. Supp. 277; *People ex rel. American Mfg. Co.* v. *Commissioners, etc.,* 104 Misc. Rep. 703; *People ex rel. Coney Island Jockey Club* v. *Purdy,* 152 App. Div. 175; 207 N. Y. 695; *People ex rel. N. Y. C. R. R. Co.* v. *Wadsworth,* 210 App. Div. 865; *People ex rel. Sutphen* v. *Feitner,* 45 App. Div. 542.)  The complaint or statement filed with the assessors failed to state the grounds of illegality, the extent of overvaluation, or the instances and extent of inequality.   (*National Bank of Chemung* v. *City of Elmira,* 53 N. Y. 49; *Matter of N. Y., O. & W. R. Co.,* 155 App. Div. 866; *People ex rel. Soeurbee, Inc.,* v. *Purdy,* 179 App. Div. 748; 222 N. Y. 657.)  The objection sought to be raised as to the assessment of the railroad belonging to the Dexter Sulphite Pulp and Paper Company is insufficient both as stated in the complaint and as stated in the petition, to present a question for review in this proceeding.   (*People ex rel. Dunkirk & Fredonia Railroad Co.* v. *Cassity,* 46 N. Y. 46; *People ex rel. Buffalo & State Line Railroad Co.* v. *Barker,* 48 N. Y. 70; *Young Women's C. Assn.* v. *City of New York,* 220 N. Y. 365.)

POUND, J.   The Supreme Court at Special Term made an order denying a motion to quash a writ of certiorari

herein, issued on the application of appellant to review tax assessments of its property for illegality, overvaluation and inequality, holding, however, that the petition on which the writ was issued was insufficient to raise the question of overvaluation. The Appellate Division reversed the order and granted the motion to quash on the ground that the petition was insufficient and inadequate even to raise the question of inequality.

*Illegality.* The assessors entered on their tax roll: " Dexter Company, 9½ miles of Railroad, $26,000.00." If this is an assessment of real property alone it is legal. If it includes an assessment of rolling stock, such property should be assessed elsewhere as personal property (*Hoyle* v. *Plattsburgh & Montreal R. R. Co.*, 54 N. Y. 314, 320) in the town where relator's principal office for the transaction of business is located. The assessment applies to a private railroad and the word does not mean such railroads as are operated by public service corporations for the transportation of persons or property. The statutory definition of " railroad " in the Public Service Commission Law (Cons. Laws, ch. 48, § 2, ¶ 6) includes equipment but the Tax Law (Cons. Laws, ch. 60, § 2, ¶ 6) while it includes all railroad structures, etc., in the definition of land and real property, does not include equipment. As to the general meaning of the term, authorities differ. Cases hold that it includes all the property of a railroad, as the law treats the railroad and its appurtenances and equipment as one entire thing. Others cling to the dictionary definition — a road for cars, not including the rolling stock. (See Words & Phrases, 1st and 2d series.) Circumstances alter cases. A railroad considered as a public utility is a unit, made up of real and personal property, but relator is not a railroad company. The presumption of regularity of official action permits the conclusion that the word " railroad " as here used by the assessors implies real estate as defined in the Tax Law and does not include equipment.

*Overvaluation.*   The complaint and petition enumerate many parcels of relator's land which it asserts are overvalued.   The assessed value is given but the true value is not given.   This is inadequate.   Tax Law, section 290, requires the petition to state " the extent of such overvaluation."   The extent of overvaluation, which may be trifling or excessive, is omitted.   (*People ex rel. City of New York* v. *Keeler,* 237 N. Y. 332, 335.)

*Inequality.*   " The instances in which   *   *   *   inequality exists, and the extent thereof " (Tax Law, § 290) are stated in the petition as follows: " the property of your petitioner is assessed at more than its full and true value while the real property belonging to property owners and occupants thereof, other than your petitioner, is assessed at not more than 25 to 40 per cent of full and true value."   This is sufficient.   (*People ex rel. Ward* v. *Sutton,* 230 N. Y. 339.)

The petition nowhere states the value of relator's land or the amount of overvaluation.   It appears, however, that the assessments of its property are for more than the true and full value thereof and that all the other property in the town is assessed at from 25 to 40 per cent of its true and full value.   Inadequacy is thus alleged as the rule to which relator is the sole exception.   The petition meets the requirement of the Tax Law by showing " that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll."

The order of the Appellate Division should be reversed and the order of Special Term denying the motion to quash the writ affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; ANDREWS, J., absent.

Ordered accordingly.