THE PEOPLE OF THE STATE OF NEW YORK ex rel. PATRICK J. TIERNEY, as Trustee for LAKE PLACID Co., Debtor, Respondent, *v.* R. A. WILKINS and Others, as Assessors of the Town of North Elba, Essex County, New York, Appellants.

Third Department, April 30, 1941.

*Robert F. Isham* [*John T. DeGraff* and *George Myers* of counsel], for the appellants.

*William L. Allen,* for the respondent.

FOSTER, J. This is a certiorari proceeding to review assessments on seventy-three parcels of real property, made by the assessors of the town of North Elba, Essex county, for the tax year 1940. A motion was made at Special Term to dismiss the petition and quash the writ herein, chiefly on the ground that the petition did not contain a proper allegation of overvaluation. This motion was denied and permission was given to file an amended petition. From the order of denial the defendant assessors appeal.

The property in question was assessed in separate parcels for separate amounts. The original petition merely alleged as to overvaluation: " Your petitioner further alleges that said assessments and each of them are erroneous by reason of overvaluation in that your petitioner's property has been assessed on said roll at the sum of $784,950.00 which is more than the fair market

value thereof, and that the amount of said overvaluation is the sum of $196,237.00 and that in your petitioner's opinion the fair market value of said property for purposes of taxation on said roll is $588,713.00."

The amended petition, assuming for the moment that an amendment was properly allowed, eliminated property assessed to the Lake Placid Club Educational Foundation but otherwise the form of the allegation of overvaluation remained the same, as may be seen from the following language: " Your petitioner further alleges that said assessments and each of them are erroneous by reason of overvaluation in that your petitioner's property has been assessed on said roll at the sum of $709,950.00 which is more than the fair market value thereof, and that the amount of said overvaluation is the sum of $177,487.50, and that in your petitioner's opinion the fair market value of said property for purposes of taxation on said roll is $532,462.50."

Both petitions grouped all parcels together and alleged a total overvaluation without any statement of excess to be distributed to each parcel. This was insufficient. The validity of one assessment is completely independent of the validity of any other. (*People ex rel. Ward* v. *Sutton*, 230 N. Y. 339.) In the case cited the petition was saved because it stated in effect that the assessments complained of were made at the rate of 133 per cent of the full market value of the properties. There is no similar allegation in either of the petitions in this proceeding. It is said in the opinion below: " The failure to detail them separately would not seem to be a jurisdictional defect so long as the percentage of reduction sought is substantially stated."

The term " percentage " is not used in the petitions involved here, and hence the court below can only have derived the idea envisaged from the use of this term by an arbitrary computation. Such a computation, however, could have been made in the *Sutton* case, and yet it was held there that only the further allegation to the effect that assessments were made at the rate of 133 per cent of the full market value saved the petition. If a computation alone was not available to uphold the petition in that case then it can hardly be used for that purpose here.

The defect noted has been called an irregularity. (*People ex rel. City of New York* v. *Keeler*, 237 N. Y. 332, 335.) The question arises as to whether another amendment may be permitted. Doubtless under the strict rules of our former practice such a procedure would have been highly questionable, but a far more liberal view is now taken. (*People ex rel. Di Leo* v. *Edwards*, 247 App. Div. 331.) A petition for a certiorari order under the Tax Law is regarded

as akin to a complaint in an action, and amendable on motion. The Tax Law itself is regarded as remedial in character, and should be liberally construed to the end that a taxpayer's right to have his assessments reviewed should not be defeated by a technicality. (*People ex rel. Denney* v. *Clark*, 257 App. Div. 905.) We think, therefore, that the petition may again be amended, and in view of this determination we are not required to pass upon any other question.

The order should be reversed on the law, with costs, and both petitions dismissed, with leave, however, to the respondent to serve an amended petition within five days after the entry of an order herein and upon the payment of twenty-five dollars costs; the appellants to file their return within ten days thereafter.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; SCHENCK, J., dissents in part in an opinion.

SCHENCK, J. (dissenting). I favor a reversal and the dismissal of both petitions. However, I do not concur in the prevailing opinion which grants leave to the respondent to serve an amended petition within five days from the entry of the order herein.

It seems to me that the great weight of authority is clearly to the effect that an improper allegation of overvaluation is a jurisdictional defect and an amendment may not be permitted. (*People ex rel. O'Neil* v. *Purdy*, 188 App. Div. 485.) In that case the application to review was based on the ground of inequality, but the court held that even if it could be considered as founded on a claim of overvaluation, it failed to comply with the requirements of the charter and that the omission to make the specifications required by the statute constituted a jurisdictional defect. The court held that while leave to amend had been granted by the court below subsequent to the final date in which proceedings for review might be instituted, such amendment should not be allowed where a jurisdictional question is involved. The court in its opinion said (p. 489): " It will be noted that leave to amend was granted long subsequent to July 1, 1917, the latest date under the charter on which proceedings for review might be instituted. An amendment to a petition may be granted after the time within which the statute allows a certiorari proceeding to be instituted only where it does not involve the setting up of a jurisdictional fact."

Again, in *People ex rel. Warren* v. *Purdy* (177 N. Y. Supp. 45; modfd. and affd., 171 App. Div. 936), Mr. Justice LEHMAN, then sitting at Special Term, granted the motion to quash the writ, and with reference to the question as to whether or not an amendment should be allowed, had this to say: " It is urged, however, that even

if these views be correct, the court should now allow an amendment to the writ and petition which would cure the defect. While the courts are given wide power to correct defects and should exercise this power wherever the defect is technical and stands in the way of the court performing its proper function of passing upon the merits of an honest claim, yet I think that this power is not wide enough to cover an amendment which would have the effect of giving the court jurisdiction of a litigation which is already barred by a Statute of Limitation."

The question involved in the case at bar was determined in *People ex rel. Grossman* v. *Goldfogle* (219 App. Div. 68). There, as here, the petition failed to allege the extent of overvaluation. The Special Term granted the motion to quash the writ but the relator moved to amend before the same justice, and the Special Term granted the motion to amend, saying: " The amendment involves matters of form or expression only, as the jurisdictional facts were set forth in the petition but not properly amplified." The Appellate Division unanimously reversed on the ground that the petition did not comply with the statutory requirements contained in section 290 of the Tax Law requiring that the extent of the alleged overvaluation must be set forth in the petition, and said (at p. 72): " A petition which does not show that the property was assessed at a greater sum than that for which, under ordinary circumstances, it would sell, does not allege overvaluation."

And again (at p. 73): " The courts have uniformly held that where there is such failure to make the specifications required by the statute, such omission constituted a jurisdictional defect and the relator cannot obtain from the court relief upon the alleged issue of inequality."

And, referring to the time limitation within which such proceedings might be brought, the court said (p. 73): " The object of this provision of the statute is to limit the time in which a certiorari proceeding may be instituted. After the period of limitation has expired, the court may allow amendments of matters of form or expression, but cannot permit a jurisdictional fact to be inserted in the petition. The relator should, therefore, have presented prior to the 1st day of July, 1925, a petition containing the necessary jurisdictional facts, as provided by statute." (Citing *People ex rel. O' Neil* v. *Purdy, supra.*)

The prevailing opinion in the case at bar recites *People ex rel. City of New York* v. *Keeler* (237 N. Y. 332) where it is true the court referred to the defect as an irregularity, but in describing the nature of this irregularity, says (at p. 335): " This is an irregularity that would have justified the dismissal of the petition if timely objection had been taken."

Granted that the courts take a more liberal view than heretofore, as in *People ex rel. Di Leo* v. *Edwards* (247 App. Div. 331). As I read the *Di Leo* case, it appears that all of the proceedings were taken within the limited time fixed by the statute in which the assessments might be reviewed. In that case the defect involved merely the question of verification. The same question arose in *People ex rel. Denney* v. *Clark* (257 App. Div. 905). There a question of defective verification in the petition was presented and an amendment was allowed, but the court distinguished that case from *People ex rel. Warren* v. *Purdy* (*supra*), which was apparently cited with approval.

In *People ex rel. Hotel Astor* v. *Sexton* (159 Misc. 280) it appears that the defendants filed a return raising no objection to the petition except to reserve the right to object without prejudice. There, again, Mr. Justice ROSENMAN held that the defendants had failed to make timely objection prior to the returns and thereby waived the right to such objections at the opening of the trial.

I am unable to find a decision granting an amendment to a certiorari petition permitting the setting up of a proper allegation for overvaluation where the time within which proceedings might be instituted has elapsed.

We must assume that the rule laid down in *People ex rel. O'Neil* v. *Purdy* (*supra*) and *People ex rel. Warren* v. *Purdy* (*supra*) is still the law. It may well be that a defective verification or the service of an uncertified copy may properly be considered matters of form and not jurisdiction, or where such amendments are granted before the time limitation has expired. The contrary is true where an amendment such as here involved is granted after such passage of time.

The contention of the appellants here should prevail, and the order denying defendants' motion to quash the writ and permitting the relator to amend his petition should be reversed and the petition dismissed, the order of certiorari vacated, and the writ quashed.

Order reversed on the law, with costs, and both petitions dismissed, with leave to respondent to serve an amended petition within five days after the entry of an order herein and upon the payment of twenty-five dollars costs; the appellants to file their return within ten days thereafter.