270

The People of the State of New York ex rel. Irving Trust Company and Adelaide Roberts, as Executors of the Estate of Benjamin L. M. Bates, Appellants, v. William Stanley Miller and Others, Constituting the Tax Commission of the City of New York, Respondents.

First Department, June 5, 1942.

*Bertram L. Kraus* of counsel [*Philip J. Dunn, Arthur J. O'Leary, M. Claiborne Mebel* and *Jacob Newman* with him on the brief], for the appellants.

*David I. Shivitz* of counsel [*Arthur A. Segall* and *Arthur Goldberg* with him on the brief; *William C. Chanler, Corporation Counsel,* attorney], for the respondents.

Dore, J. In tax certiorari proceedings relating to the years 1932, 1933, 1936 to 1940–1941, inclusive, Special Term quashed the writ for the year 1939–1940 because the application for that

year failed to state what the relators considered the fair value of the property on the taxable date, and reduced the assessments on the relators' property for all the other years. Relators appeal, contending (1) that the omission in the 1939–1940 application was not as the court held a jurisdictional defect, and (2) that the reductions granted for the other years were inadequate. The property under review is the Murray Hill Hotel site, Fortieth to Forty-first streets on the west side of Park avenue, Manhattan, Lot 27 (Murray Hill Hotel) and Lot 43, a narrow lot immediately west of the hotel on East Forty-first street.

After reading the record, the briefs and the authorities, we conclude that the learned Special Term erred in holding the application for the year 1939–1940 jurisdictionally defective; that the building values found by the court for each of the years should not be changed; and that the land values found by the court for Lot 27 should be further reduced as hereinafter indicated for the years specified.

The application for 1939–1940 failed to answer the question included in the city's form: "What do you consider was the fair value of the property on January 25th this year?" It did, however, state under oath that the objection to the assessment was based both on the valuation of the land and of the building, and as part of the application annexed a statement giving income and expenses for the year showing that losses before depreciation were $64,633.37; that the value of the property was greatly lessened by the obsolete hotel building thereon; and that there was an abundance of office space available in the neighborhood. The applicant asked for a hearing. A hearing was granted and no claim was then made of any defect in the application as filed. On the contrary, the commissioners offered a substantial reduction of the assessed valuation for that year. The petition for the writ recited that the value of the property did not exceed $1,425,000, and that the assessment was in excess of the full market value to the extent of $2,325,000. The figure of $1,425,000 was the figure claimed by relators' counsel at the hearing before the commissioners. Finally a return was filed by defendants which stated under oath that relators claimed in their application a value of $1,425,000.

Section 27 of the Tax Law provides that the complaint shall be under oath, "specifying the respect in which the assessment complained of is incorrect." This court has said it is doubtful whether this section (formerly section 37) applies to the review of assessments in the city of New York which are governed by the provisions of the Charter. (*People ex rel. Empire Mortgage Co.* v. *Cantor*, 190 App. Div. 512 [1st Dept. 1920].) In *People ex rel. Schwarz*

v. *Miller* (281 N. Y. 554) the Court of Appeals, referring to section 904 of the Greater New York Charter (formerly section 895), said: "This provision, we think, would naturally be read as a direction complete in itself and not as intended to be supplemented by the provisions of section 27 of the Tax Law (Cons. Laws, ch. 60) requiring that complaints in relation to assessments should be made under oath." Section 290 of the Tax Law is inapplicable as it relates to the "contents of petition" on an application for certiorari and there is no claim here that the petition was insufficient in any respect.

Section 163 of the New York City Charter, effective January 1, 1938 (formerly section 904 of the Greater New York Charter), relating to applications for the correction of assessed valuation, here controls. So far as relevant, it provides that the application "shall specify clearly the objection * * * and the grounds for such objection." While it is true that the applicants' opinion of the valuation was not set forth, the Charter does not expressly require such statement. That requirement is explicit in section 290 of the Tax Law, but that section applies only to the certiorari petition and not the original application.

The only things necessary to the exercise of jurisdiction are that within the time specified a complaint under oath in writing be presented stating the objection and the grounds thereof. "The form of the complaint, the particularity with which the property shall be described or the objections specified, are matters of procedure and do not go to the jurisdiction. If the commissioners deemed the application to be insufficient in form they could have refused to act upon it." (*People ex rel. Empire Mortgage Co.* v. *Cantor, supra.*) As in the *Empire Mortgage* case, there was a hearing on the merits and objections were waived if not jurisdictional. That rule applies to proceedings of this nature before the tax commissioners. (*People ex rel. Eckerson* v. *Christie*, 115 N. Y. 158, 162.) We think the defect complained of herein was procedural and not jurisdictional and was waived by respondents in holding a hearing based upon the application and in making the return with the stipulation hereinabove noted.

A similar result was reached in *People ex rel. Brooklyn Paramount Corporation* v. *Sexton* (255 App. Div. 1011), where the Second Department unanimously affirmed an order denying an application to quash a writ for lack of jurisdiction. The court said: "The application does not adequately set forth the ground of objection to the assessment and, in our opinion, would be insufficient to entitle the applicant to a hearing if the board objected; but the application having been heard and a decision made thereon, it

must be held that the inadequacy of the application has been waived." In an application to review taxation of special franchise taxes, the same result was reached in *People ex rel. New York & Rockaway Beach R. Co.* v. *Tax Comrs.* (157 App. Div. 496; affd., 209 N. Y. 599; followed in *People ex rel. L. I. R. R. Co.* v. *Tax Comrs.*, 231 id. 221, 229). In that case the petition failed to allege the extent of overvaluation as expressly required by section 290 of the Tax Law. The court held that if a motion had been made to quash the writs, the petition would probably have been held to be insufficient, but defendants not having so moved and having made return as though the petition was sufficient, waived the defect which was one that could easily have been cured by amendment. In *People ex rel. Moore* v. *Miller* (255 App. Div. 960) this court affirmed orders denying motions to quash writs on the ground of failure of the applicant to state the extent of overvaluation.

In *People ex rel. 2440 Concourse, Inc.,* v. *Miller* (N. Y. L. J. Nov. 23, 1940, p. 1676; affd., 261 App. Div. 948), relied on by Special Term, the application failed to indicate generally or specifically what the relator's objection to the assessment was and whether it was based on valuation, illegality or inequality, and the commissioners had not filed any return. Here, the application clearly stated the objection was based on valuation not only of the land but also of the building; the statement annexed showed the lack of value in the improvement, other facts indicating a low market value of the property, substantial losses sustained despite rental on the best terms available. The commissioners filed a return showing they were fully informed of the grounds of the claim. The finding in the *Concourse* case is wholly consistent with the finding in the *Moore* case. In the *Moore* case, as in the case before us, only the claimed value of the property was omitted. In the *Concourse* case the applicant failed to state either claimed value or any ground whatever of the objection.

The three obvious grounds for the correction of an assessment are overvaluation, inequality and illegality. These are the grounds formerly set forth in section 907 (originally § 906) of the Greater New York Charter and now stated as the three grounds one or more of which must be specified under section 166–1.0 (Laws of 1937, chap. 929, p. 88) of the Administrative Code with regard to the requirements of a petition on certiorari to review assessments. Here the application and not the petition for the writ is in question. Inequality and illegality were not claimed. But it is patent the objection was clearly made for a revision downward on the ground of overvaluation on both land and building. Under section 161 of the New York City Charter the tax commissioners are forbidden to

increase the assessed valuation after the books have been opened, without notice, and here no such notice was given or even claimed.

Facts were sufficiently set forth in the application to enable the commissioners to act upon it intelligently; the record shows that they did so; and the defect was not jurisdictional. The order quashing the writ should be reversed, and on the evidence adduced the value for the year 1939–1940 should be fixed as follows: land, $3,100,000; building, $150,000; total, $3,250,000.

After an examination of all the evidence and consideration of all the factors relevant, we sustain the values found by the court at Special Term on Lot 43, but we hold that the land assessments on Lot 27 for the years in question should not exceed the following: 1932, $4,550,000; 1933, $4,275,000; 1936, $3,400,000; 1937, $3,300,000; 1938, $3,100,000; 1939–1940, $3,100,000; 1940–1941, $2,925,000. The building values found by the court on Lot 27 are correct and should be sustained.

For the reasons stated, the order appealed from should be modified as indicated and, as so modified, affirmed, with twenty dollars costs and disbursements to appellants.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously modified as indicated in opinion, and, as so modified, affirmed, with twenty dollars costs and disbursements to the appellants. Settle order on notice.