Leonard J. Supple, J.
In this proceeding the respondents have moved to dismiss the petition and quash the proceedings, upon a charge that the petitioner failed to file the proper complaint with the Board of Review of the respondent town and upon the further claim that the petition fails to state a cause of action. It appears that the petitioner properly complained before the Board of Review only of overevaluation. The petition which brought on the instant proceeding not only charged overevaluation but inequality and illegality as well. The respondent claims such was a fatal mistake.
Everyone concerned concedes that since inequality and illegality were not urged before the Board of Review, such grounds may not be raised at any later stage in the lawsuit. The doctrine is recognized in People ex rel. Greenwood v. Feitner (77 App. Div. 428, 431) wherein the court said: “ It is evident, therefore, that the court was without authority to consider matters averred in the petition or other papers of the relator which were not embodied in the application presented to the *846 commissioners ”. However, if any portion of a cause of action is sufficient, it should not be dismissed on motion. (Lacks v. Lacks, 12 N Y 2d 268, 271.) It is obvious that if the petitioner can prove overevaluation, it is entitled to relief. The petition is sufficient.
The respondents in their brief suggest that the petition should be dismissed with leave to the petitioner to plead over so as to eliminate the charges made in the petition which were not urged before the Board of Review. As was said in Koos v. Ludwig (22 A D 2d 666, 667): “ The CPLR contains no provision for attacking and striking out particular allegations of a single cause of action, unless they are scandalous or prejudicial * * * The defendant should not be allowed to do indirectly what it may not do directly. ’ ’ Since the within proceeding will either be heard before the court, or before a Referee, and in neither event will there be a jury to be confused by any surplusage in the petition, the court cannot find any prejudice in permitting the petition to remain in its present state. CPLR has downgraded the importance of pleading technicalities, in. the absence of any showing of prejudice, so that litigation may be expedited and unnecessary motion practice avoided. 11 Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.” (CPLR 3026.) (Foley v. D’Agostino, 21 A D 2d 60.) Further delay of this proceeding should be avoided. (Koos v. Ludwig, supra.) The motion will be denied.