■ In the Matter of MORRIS WALDSTREICHER et al., Respondents, v. EDWIN G. MICHAELIAN, as County Executive of Westchester County, et al., Appellants, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR by social service employees of the Department of Public Welfare of Westchester County to compel certain officials of Westchester County and the Board of Supervisors of said county to pay increased salaries to petitioners in accordance with section 79-a of the Social Services Law (formerly Social Welfare Law), the appeal is by said officials and board of said county from a judgment of the Supreme Court, Westchester County, dated November 27, 1967, which adjudged that said section 79-a is constitutional and directed that payment of the pay differentials specified in said section be made. On the argument of the appeal the respective attorneys for petitioners and appellants agreed to a modification of the judgment as hereinafter directed. Judgment modified, on consent, by adding thereto the following decretal paragraph: " Ordered and Adjudged that Section 1 of Chapter 400 of the Laws of 1965 for compensating said employees of the said Department of Public Welfare having such suitable graduate training shall be inapplicable upon the approval by the State Department of Social Services of an alternative plan for compensating such personnel as authorized by the provisions of Chapter 400 of the Laws of 1965, provided such alternative plan be consummated within 60 days after the date of entry of this judgment, as modified on the appeal from the original judgment to the Appellate Division, Second Judicial Department." As so modified, judgment affirmed, without costs. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur. [52 Misc 2d. 711.]

■ In the Matter of WESTERN PRINTING AND LITHOGRAPHING Co., Respondent, v. EARL A. McCANDLISH et al., Constituting the Grievance Board of the Town of Poughkeepsie, Appellants.— In a proceeding pursuant to article 7 of the Real Property Tax Law to review assessments of two parcels of real property owned by petitioner, the appeal is from so much of an order of the Supreme Court, Dutchess County, dated June 14, 1968, as, in granting appellants' motion to dismiss the petition, gave petitioner leave to serve an amended petition. Order affirmed insofar as appealed from, with $30 costs and disbursements. Assuming that the petition failed to comply with section 706 of the Real Property Tax Law in that it did not allege separately the claimed overvaluation with respect to each of the two tax lots involved (*People ex rel. City of New York* v. *Keeler,* 237 N. Y. 332, 335), we are of the opinion that the defect constituted a mere procedural irregularity remediable by amendment, and not a jurisdictional defect (*People ex rel. Hotel Astor* v. *Sexton,* 159 Misc. 280, affd. 256 App. Div. 912, mot. for lv. to app. den. 280 N. Y. 853; cf. *Hunt* v. *Hunt,* 72 N. Y. 217, 229–230; *Thrasher* v. *United States Liab. Ins. Co.,* 19 N Y 2d 159, 166), and that petitioner was properly permitted to serve an amended petition (*People ex rel. Tierney* v. *Wilkins,* 261 App. Div. 728). In any event, the petition was not subject to dismissal since it pleaded inequality in addition to overvaluation; and the sufficiency of the allegations as to inequality are not challenged. Under such circumstances, the petition was sufficient to withstand a motion to dismiss (*People ex rel. Dexter Sulphite Pulp & Paper Co.* v. *Hughes,* 246 N. Y. 35). Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.