356

In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and VARIOUS MUNICIPALITIES WITHIN WESTCHESTER COUNTY, Intervenors-Respondents.

In the Matter of CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant, v STATE BOARD OF EQUALIZATION AND ASSESSMENT, Respondent, and COUNTIES OF NEW YORK CITY, Intervenors-Respondents.

Third Department, January 26, 1978

**APPEARANCES OF COUNSEL**

*Williams & O'Neill (Martin B. Cowan* and *Wein, Lane & Malkin* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General (Joseph P. McCale* and *Ruth Kessler Toch* of counsel), for respondent.

*Whiteman, Osterman & Hanna (Melvin H. Osterman, Jr.,* and *Michael Whiteman* of counsel), for Various Municipalities Within Westchester County, intervenors-respondents.

*W. Bernard Richland, Corporation Counsel (Alfred Weinstein, L. Kevin Sheridan* and *Francis F. Caputo* of counsel), for Counties of New York City, intervenors-respondents.

**OPINION OF THE COURT**

HERLIHY, J.

This is an appeal in the first above-entitled proceeding from 19 separate orders and judgments of the Supreme Court at Special Term, entered October 29, 1976 in Albany County, which, in 19 proceedings pursuant to article ·7 of the Real Property Tax Law, *inter alia,* (1) dismissed those portions of the petitions which alleged inequality in the assessment of the special franchises and (2) dismissed those portions of the petitions which alleged illegality in the assessment of the special franchises. Although the court sustained the complaint as sufficiently alleging overvaluation, the intervenors-respondents did not appeal from that aspect of the decision. The petitions here involve 19 proceedings concerning the 1974 assessments of special franchises in seven municipalities outside of New York City and the 1975 assessments of special franchises in these and five other municipalities.

These are cross appeals in the second above-entitled proceeding from a single order and judgment of the Supreme Court at Special Term, entered November 3, 1976 in Albany County, in 10 proceedings pursuant to article 7 of the Real Property Tax Law, which, *inter alia,* (1) struck allegations of inequality in the petitions; (2) struck allegations of illegality from the petitions; (3) denied the cross motion of respondent-intervenor (City of New York) seeking dismissal of the petitions, holding that the petitioner has put in issue the question of overvaluation. Petitioner (Con. Ed.) appeals from numbers 1 and 2. Intervenor-respondent (NYC) cross-appeals from number 3. The petitions here involve 10 proceedings concerning assessments for 1974 and 1975 of special franchises located within the five counties of the City of New York.

The petitioner taxpayer, Consolidated Edison Company of New York, is a public utility corporation. Pursuant to article 6 of the Real Property Tax Law, the State Board of Equalization and Assessment (board) for the years 1974 and 1975 issued tentative special franchise assessments (Real Property Tax Law, § 608) and the taxpayer filed complaints with the board challenging the assessments (Real Property Tax Law, § 610).

The. taxpayer received some minor relief from the administrative agency, but, remaining dissatisfied, it commenced these proceedings against the board seeking a further correction of the assessments.

The taxpayer alleges that there was error by reason of overvaluation, inequality and illegality.

■ Illegality was premised upon the theory that, pursuant to section 616 of the Real Property Tax Law, certificates of final assessments *must* be filed by the board with the local assessors within certain time limits and such assessors *must* enter the assessment on the assessment roll within certain time limits. The statute uses the language "shall" and we do not perceive that any failure to comply with the time references would be prejudicial to the taxpayer, at least in the present action. Under such circumstances the time limitations are construed as being directive in nature and not mandatory *(Rose v Elliot,* 218 App Div 287, 290).

The record establishes that the taxpayer did allege overvaluation of its property in the complaint before the board and the contentions of the City of New York seeking to strike overvaluation as an issue are without any substantial merit. The petition and complaint herein were sufficient to allege proof of overvaluation and, accordingly, Special Term properly refused to strike those allegations of the petition herein.

■ The dismissal of the allegations of "inequality" presents a much closer question than the above two issues. The substantial question here is whether or not the taxpayer sought relief on this basis in its complaint before the board pursuant to subdivision 1 of section 610 of the Real Property Tax Law (cf. *Matter of Rokowsky v Finance Administrator of City of N. Y.,* 80 Misc 2d 801, 802, affd on opn below 51 AD2d 694, affd 41 NY2d 574). Objections not raised in the complaints before the board may not generally be raised for the first time in the application for judicial review *(People ex rel. Long Is. R. R. Co. v State Board of Tax Comrs.,* 231 NY 221).

In this case it appears that in many of its administrative agency complaints the taxpayer raised the issue of an improper "equalization" rate; however, that does not necessarily refer to an inequality with other taxpayers (cf. *Rokowsky v Finance Administrator of City of N. Y., supra).* Likewise, there is no necessary connection between the theory of "overvaluation" and the theory of "inequality".

■■ While the taxpayer did not directly specify inequality, we find that on an over-all basis its complaints did make such factual allegations as to have properly brought the question of inequality as it might relate to proof of "overvaluation" and improper equalization rates to the attention of the board. In

the case of *Matter of Great Eastern Mall v Condon* (36 NY2d 544) it was emphasized that technicalities of pleadings should not defeat a review of a tax assessment. Given the nature of these proceedings involving the "expertise" of the board, it appears doubtful that the question of inequality relating to both overvaluation and improper equalization rates was not adequately raised in the petitions.

Accordingly, the petitions herein are sufficient insofar as they raise issues of inequality and the dismissal of those portions thereof as raised that allegation must be reversed.

It should be noted that such a reversal and reinstatement of the allegations relating to inequality does not mean that this court is finding that such issues have any merit or that the underlying facts (an improper equalization rate) stated by way of allegation would be grounds for attacking an assessment (see *860 Executive Towers v Board of Assessors*, 53 AD2d 463, affd *sub nom Matter of Pierre Pellaton Apts. v Board of Assessors of County of Nassau* on opn below 43 NY2d 769). By not foreclosing the issues as to technical denominations the trial court will be able to properly admit and apply all evidence offered by the parties.

The orders and judgments should be modified, on the law and the facts, by reversing so much thereof as dismissed and/or struck allegations of inequality from the pleadings and by reinstating those allegations, and, as so modified, affirmed, without costs.

SWEENEY, J. P., MAHONEY, LARKIN and MIKOLL, JJ., concur.

Orders and judgments modified, on the law and the facts, by reversing so much thereof as dismissed and/or struck allegations of inequality from the pleadings and by reinstating those allegations, and, as so modified, affirmed, without costs.