734

In the Matter of the CITY OF LITTLE FALLS, Respondent, v BOARD OF ASSESSORS OF THE TOWN OF SALISBURY, Appellant.

Fourth Department, July 6, 1979

APPEARANCES OF COUNSEL

*Charles W. Sullivan, Town Attorney (Patrick J. Raymond* of counsel), for appellant.

*John A. Santry, City Attorney (Kernan & Kernan, P. C.,* by *Earle Bastow* of counsel), for respondent.

## OPINION OF THE COURT

SCHNEPP, J.

Before the court is a motion to dismiss the petition of the City of Little Falls ("City") in this proceeding which was commenced pursuant to article 7 of the Real Property Tax Law to review the 1976-1977 tax assessment of certain real property owned by the City and located in the Town of Salisbury. The property constitutes an integral portion of the City's water system and is assessed as 32 parcels of land. On June 15, 1976 the City filed with the respondent, the Board of Assessors of the Town of Salisbury ("Board"), a single statement under oath specifying that the $286,500 assessment against its property was erroneous by reason of overvaluation. On June 17, 1976 the Board in a letter to the City stated that

the application for review of the real property assessment had been received and reviewed, and that the Board did not feel qualified to make a proper judgment. It requested the City to have the property appraised and suggested that the parties attempt to negotiate a resolution of the matter. The Board under date of June 29, 1977 acknowledged receipt of a grievance (apparently for the 1977-1978 assessment roll) presented by the City's attorney, and noted that it took no action because the properties were "currently being appraised subject to court proceedings to fix their value". The Board did not change the assessment.

The petition in the instant proceeding instituted on September 1, 1976 alleges that the valuation and assessments of the City's property were erroneous by reason of overvaluation, that the exact amount of overvaluation was unknown due to the "complexity of the holdings", and that a qualified professional appraiser had been engaged to determine the true market value of the property. A schedule attached to the petition sets forth the tentative assessment of the land and premises of the City on the 1976-1977 assessment roll. This schedule identifies 32 account numbers and details the acreage, valuation and other data relating to each item. The petition further claims that the assessments were unequal being disproportionately higher than the assessments of other property on the same roll. No formal legal proceedings or court action ensued until November 13, 1978, the return date of the Board's motion to dismiss the petition. In the interim both parties had engaged appraisal and engineering services and exchanged information and reports valuing the land and improvements.

The Board claims that the court lacks subject matter jurisdiction of the proceeding under the Real Property Tax Law because: (1) the application to the Board did not allege inequality, thus limiting the relief available in an article 7 petition, or (2) specify the amount of the claimed overvaluation; (3) the City failed to file a separate application to the Board for each of the assessments which it seeks to have reviewed; and (4) the petition for review did not state the extent of the alleged overvaluation as required by section 706 of the Real Property Tax Law. It maintains that these are jurisdictional · deficiencies which may not be corrected by amendment of either the application or the petition. The City made a cross motion for an order requiring the Board to

submit corrected tax statements and an appraiser's report. It also requested permission to serve an amended application to state the amounts of the claimed overvaluation. In its reply affidavit the City sought permission to amend both its 1976-1977 application and the petition to show that the assessment is erroneous, illegal and excessive. It attached an amended application which specifies the extent of the overvaluation at $233,711. The City further claims in this amended application that the assessment of 6 of the 32 parcels was illegal because the Board did not break down the amounts allocable to "land" and to "land and improvements". The City also submitted to Special Term an amended petition which sets forth the exact amount of the overvaluation and alleges that the assessments of the six parcels were illegal.

Special Term denied the Board's motion and granted the City's cross motion to amend the application and petition. The Board has appealed.

First, we must examine the sufficiency of the original application filed by the City to determine the validity of the Board's objections and the City's request for permission to amend. Section 512 of the Real Property Tax Law states that the complainant shall specify "the respect in which the assessment complained of is illegal, erroneous or unequal". The City did not claim inequality or illegality in its application; its only objection was that the assessment was erroneous on the ground of overvaluation because the assessment against the property exceeds its full value. The City did not specify the amount of the overvaluation stating only that "the exact amount is unknown at this time due to the complexity of the holdings". In answer to a question in the form application the City described the property as "forest, dams, purification equipment and water transmission pipes". The City further stated in the application that if no reduction were granted it was its intention to bring legal proceedings to have the value of the property fixed by the court after a competent appraisal. For jurisdictional purposes the complaint stated the City's objection: the assessment was erroneous by reason of overvaluation.

■ ■ "The only things necessary to the exercise of jurisdiction are that within the time specified a complaint under oath in writing be presented stating the objection and the grounds thereof" *(People ex rel. Irving Trust Co. v Miller,* 264 App Div 270, 272; see, also, *Matter of Rokowsky v Finance Administra-*

*tor of City of N. Y.,* 80 Misc 2d 801, 805, affd 51 AD2d 694, affd 41 NY2d 574). Objections to an assessment may not generally be raised for the first time in an application for a judicial review *(Matter of Consolidated Edison Co. of N. Y. v State Bd. of Equalization & Assessment,* 60 AD2d 356; *Matter of Mid Point Apts. v Town of Poughkeepsie,* 59 Misc 2d 845). A petitioner in a tax review proceeding "is limited to the relief set forth in his application to review the assessment before the board of review" *(Matter of Pollak v Board of Assessors of County of Nassau,* 62 AD2d 1019). In short, the application sets the jurisdictional parameters of the court and limits the relief available. The Board cannot review objections and correct assessment rolls based upon objections not specified in the application, any more than a court can review the failure of the Board to make a judgment concerning objections never brought to its attention. The sole objection raised by the City in its application is overvaluation. It may not seek other relief. The court is without jurisdiction to consider any other objection. For this reason, amendment of the application to allege any other objection to the assessment is not permissible.

■ The failure of the City, however, to specify the amount of the claimed overvaluation or file a separate application for each parcel assessed and state the proportion of excess valuation attributable to each is not jurisdictionally fatal. The form of the complaint and the particularity with which the property is described or the objections specified are matters of procedure, not jurisdiction *(People ex rel. Irving Trust Co. v Miller, supra).* Here it appears that neither party knew the exact amount of the City's assessable property which was used entirely for its water system. The City claims that the description in the assessment roll was inadequate to enable it to identify certain of the property. In its application the City maintains that the Board overvalued the single-use property as a whole (cf. *People ex rel. Ward v Sutton,* 230 NY 339). "The allegations might well be more definite and certain, [but t]hey are adequate, liberally construed" *(People ex rel. Ward v Sutton, supra,* p 341). The basis and reason for the City's objections were specifically made known to the Board, which was fully aware of the nature of the City's grievance. The Board's letter of June 17, 1976 and, indeed, its letter of June 29, 1977 indicate that it knowingly accepted the application as submitted and then acted upon it by denying relief. The Board

could have refused *to act on* the application if it deemed it insufficient. However, by acting it waived its objection to the City's failure to state the extent of the overvaluation and file a single application for each parcel *(People ex rel. Irving Trust Co. v Miller, supra;* see, also, *People ex rel. MacCracken v Miller,* 291 NY 55; *People ex rel. Long Is. R. R. Co. v State Bd. of Tax Comrs.,* 231 NY 221; *Matter of Henderson v Silco,* 36 AD2d 439; *People ex rel. Congress Hall v Ouderkirk,* 120 App Div 650). These defects do not mandate dismissal of the proceeding.

■ ■ We now turn to the questions of subject matter jurisdiction and amendment as related to the tax review petition. Section 706 of the Real Property Tax Law provides that "[a] proceeding to review an assessment shall be founded upon a petition setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or if erroneous by reason of overvaluation, stating the extent of such overvaluation". We have previously considered the rule that objections may not be raised for the first time in the assessment review proceeding and a petitioner may not supplement his application with a claim for relief not previously demanded. The court does not have subject matter jurisdiction over objections of illegality and inequality. Thus, it was error to deny the motion to dismiss the allegations of the petition here which claimed that the assessments were unequal. Similarly it was error to permit amendment of the petition to include an allegation of illegality. This new objection obviously lacked merit because the court was without jurisdiction to consider the amendment. However, the petition itself is not subject to dismissal, because that portion of the petition which alleges overvaluation is sufficient *(People ex rel. Dexter Sulphite Pulp & Paper Co. v Hughes,* 246 NY 35; *Matter of Mid Points Apts. v Town of Poughkeepsie,* 59 Misc 2d 845, *supra).* Accordingly the jurisdiction of the court is limited to a consideration of the claim that the assessment is erroneous by reason of overvaluation.

■ A petition grounded upon a claim of overvaluation is inadequate unless it states the extent of the overvaluation *(People ex rel. Dexter Sulphite Pulp & Paper Co. v Hughes, supra).* The deficiency, however, is an irregularity which does not deprive the court of jurisdiction and may be cured by amendment *(People ex rel. New York & Rockaway Beach Ry. Co. v State Bd. of Tax Comrs.,* 157 App Div 496, affd 209 NY

599; see, also, *People ex rel. Hotel Astor v Sexton,* 159 Misc 280, affd 256 App Div 912). "[T]he court [has the] power to correct by amendment all defects in matters of procedure and award the appropriate relief" *(People ex rel. Gleason v Purdy,* 223 NY 88, 91).

Moreover, the City's failure to allege separately in its petition the claimed overvaluation with respect to each parcel is a procedural irregularity, not jurisdictional in nature, and is remedial by amendment *(Matter of Western Print. & Lithographing Co. v McCandlish,* 33 AD2d 697; *People ex rel. Tierney v Wilkins,* 261 App Div 728; *People ex rel. Hotel Astor v Sexton, supra).* It is noted that the Board does not contend that a single application would not be sufficient if there was a detailed specification as to each assessment.

It has been repeatedly stated that the tax law should be liberally construed to protect a taxpayer's right to have his assessment reviewed and this right should not be defeated by a mere technicality *(Matter of Great Eastern Mall v Condon,* 36 NY2d 544; *People ex rel. New York City Omnibus Corp. v Miller,* 282 NY 5; *Matter of Consolidated Edison Co. of N. Y. v State Bd. of Equalization & Assessment,* 60 AD2d 356, *supra; Matter of Franklin Shops v Village Assessor of Inc. Vil. of Hempstead,* 15 AD2d 921; *People ex rel. Tierney v Wilkins, supra; People ex rel. Denney v Clark,* 257 App Div 905). Further a petition for a tax review is "akin to a complaint in an action, and amendable on motion" *(People ex rel. Tierney v Wilkins, supra,* p 730; see, also, *Matter of Franklin Shops v Village Assessor of Inc. Vil. of Hempstead, supra).* Under the liberalized rules of the CPLR the purpose of all pleadings is to facilitate a proper decision on the merits *(Lane v Mercury Record Corp.,* 21 AD2d 602, affd 18 NY2d 889). CPLR 2001 permits the court to correct a mistake, omission, defect or irregularity upon terms as may be just.* The Board did not attack the petition during the period of time that the appraisal and engineering data were assembled, studied and discussed by the parties. It withheld making its motion to dismiss for over two years. The Board lost no right and was not prejudiced by reason of the City's failure to state the extent of the overvaluation and file separate applications. In any event, its delay in questioning the sufficiency of the petition may be deemed a waiver of its objection to these

* On matters where the Tax Law is silent, the provisions of the CPLR apply *(Matter of Siemer v Village Bd. of Vil. of Orchard Park,* 286 App Div 135, 136).

deficiencies *(People ex rel. New York Cent. R. R. Co. v State Tax Comm.,* 292 NY 130) just as in another context the Board waived objections to the application. The City should be permitted to serve an amended petition.

■ ■ In sum, the objections raised by the Board to the application and petition are not jurisdictional in nature, and in any event were waived, except where illegality or inequality is claimed. Amendment of the petition to allege the extent of the overvaluation is appropriate. Accordingly, the Board's motion to dismiss the petition should be granted, unless within 30 days from the date and entry of the order herein the City amends the petition to allege the extent of overvaluation and the proportion of the excess valuation attributable to each of the 32 parcels, in which event only that portion of the Board's motion directed to the allegation of inequality should be granted and the balance of its motion denied. The motion of the City should otherwise be denied.

The order of Special Term should be modified in accordance with this opinion and, as so modified, affirmed.

DILLON, P. J., CARDAMONE, DOERR and MOULE, JJ., concur.

Order unanimously modified, and as modified, affirmed, without costs, in accordance with opinion by SCHNEPP, J.