OPINION OF THE COURT
Dominick J. Viscardi, J.
This is a motion by respondents seeking a judgment dismissing the petition on the grounds that the petition fails to state a cause of action and that the court lacks subject matter jurisdiction.
The petitioners are challenging a 1976 assessment made by the assessors of the Village of Lake Placid. The petitioners contend that the assessment is illegal in that the subject property is outside the jurisdiction of the assessing unit.
The respondents have raised several defenses to the petition. These include lack of subject matter jurisdiction, expiration of the Statute of Limitations, petition limited only to the 1976 assessment and acquiescence by the petitioners and predecessors in title to the assessment and taxation of the property by the Village of Lake Placid.
Respondents are correct in their assertion that the matter in issue concerns only the 1976 assessment. In order to invoke judicial review of an assessment, an aggrieved party must first file a complaint with the board of assessment review and a Real Property Tax Law article 7 proceeding must be commenced within 30 days after the final *559 completion and filing of the assessment roll containing such assessment (Real Property Tax Law, § 702, subd 2). These procedures must be followed for each year in which a person wishes to grieve the assessment, for a determination of value in proceedings reviewing assessments does not legally bind successor assessors (People ex rel. Hilton v Fahrenkopf, 279 NY 49). Therefore only the 1976 assessment is before this court.
The respondents’ defenses of expiration of Statute of Limitations and acquiescence are without merit. Respondents contend that title 3 of article 5 of the Real Property Tax Law, the so-called “correction of errors law”, imposes a condition precedent and a one-year limitation. The correction of errors law is an administrative remedy to correct clerical errors, errors in essential fact or unlawful entries without a person being required to commenced an article 7 proceeding. The correction of errors law also permits changes on a tax roll or final assessment roll in certain circumstances subsequent to the time permitted for commencement of an article 7 proceeding. Since the petitioners herein timely commenced an article 7 proceeding after having filed a complaint with the board of assessment review, the Statute of Limitations defense is without merit. As for the defense of acquiescence, an assessment must be made yearly and is only valid for that year. The fact that an aggrieved party may not grieve an assessment in one year does not prohibit the lodging of a timely complaint as to a following year’s assessment.
A more difficult question is raised concerning whether the petition is properly before this court. Respondents argue that a portion of the property is located within the Village of Lake Placid and thus the assessment is not illegal because the assessors have a duty to assess all real property within their assessing unit (Real Property Tax Law, § 500 et seq.). Respondents further maintain that since a portion of the property falls within the village, the petitioners’ petition is jurisdictionally defective in that the application to the board of assessment review did not allege inequality as a basis for the grievance. It has been held that the application to the board of assessment review “sets the jurisdictional parameters of the court and limits *560 the relief available” (Matter of City of Little Falls v Board of Assessors of Town of Salisbury, 68 AD2d 734, 739).
It is our decision that the failure to allege inequality in the application before the board of assessment review constituted a jurisdictional defect and thus the petition is dismissed. Though the improvements may be located outside the Village of Lake Placid, a portion of the property is conceded to be within the village and thus the complaint is one of inequality, i.e., whether the property within the village has the value as ascribed to it by the total assessment. The fact that the assessment is broken down into “land” and “total” is of no significance since only the total assessment may be subject to judicial review (Real Property Tax Law, § 502, subd 3). We are well aware of the rule that pleadings shall be liberally construed and that a taxpayer shall not have review of his assessment defeated by a technicality (CPLR 3026; Matter of Great Eastern Mall v Condon, 36 NY2d 544). However, before a court can liberally construe pleadings, it must have jurisdiction,. Since the complaint before the board of assessment review did not include inequality as a ground, an article 7 proceeding could not have been taken alleging inequality. For us to permit the petitioners to proceed in this action, we would be permitting them to continue an action which they are prohibited from taking directly. Petition dismissed for want of jurisdiction.