■ In the Matter of JOSEPH L. VeROST et al., Appellants, v DONALD B. FRASER, as Assessor of the Town of Grand Island, et al., Respondents. — Order reversed, with costs, motion denied, and matter remitted to Supreme Court, Erie County, for further proceedings on the petition. Memorandum: We hold that Special Term erred in dismissing the petition in this proceeding. The issue is whether petitioners have stated grounds for judicial review of their claim of overvaluation of the assessments on their vacant property for the tax year 1981. The assessor claimed that since the grievance stated that the property had a higher full market value ($22,400) than assessed value ($11,320), no claim was stated. Petitioners' grievance also stated the amount of overvaluation ($7,540) and the amount of reduction sought ($3,780), however, and it was sufficient. The petition also alleges overvaluation in the same fashion. Obviously the overvaluation resulted from the fact that the town assessed at less than full value. In view of the proportional rate of assessment utilized in the Town of Grand Island, petitioners may claim that the property is overvalued (*Farash v Versprille,* 52 AD2d 728; see, also, *People ex rel. Ward v Sutton,* 230 NY 339, 341; *Matter of Suburbia Apts. v Board of Assessors of County of Nassau,* 66 Misc 2d 918). Indeed, as one court has noted, overvaluation can never be proved in cases in which a fractional assessment is used unless the proportional rate of assessment is considered (*Matter of Suburbia Apts. v Board of Assessors of County of Nassau, supra*). All concur, except Boomer, J., who dissents and votes to affirm, in the following memorandum.

Boomer, J. (dissenting). In this proceeding to review his real property tax assessment, the petitioner is foreclosed from pleading and proving that the assessment is erroneous by reason of inequality because he did not raise the objection of inequality in his application to the board of assessment review (*Matter of City of Little Falls v Board of Assessors of Town of Salisbury,* 68 AD2d 734). Nevertheless, the majority of this court sustains the petition on the basis that it states a cause of action for overvaluation. I respectfully dissent. The petition alleges that "[t]he valuation * * * of said real property, heretofore described, is erroneous by reason of overvaluation. The said property is assessed at the sum of $11,320.00. The extent of the over-valuation is $7,540.00." Mentioned in, and attached to, the petition is petitioner's application to the board of assessment review which alleges that the "assessment exceeds the full (market) value of the property," but it states that the full (market) value of the property is $22,400 and the assessed valuation is only $11,320. The assessor moved to dismiss the petition on the ground that the claim of overvaluation was "invalid because the assessment of the [subject] property * * * is less than the claimed market value". Special Term dismissed the petition, properly so in my opinion. To succeed upon his claim of overvaluation, the petitioner must prove that his property is assessed in an amount higher than its full or market value (*Matter of Wolf v Assessors of Town of Hanover,* 308 NY 416; *People ex rel. Yaras v Kinnaw,* 303 NY 224). *Matter of Wolf* (*supra,* p 423) is decisive on this point: "nor may the determination below be upheld, or petitioner assisted, by viewing the reduction of the assessment as one based on a finding of excessiveness or overvaluation. Entirely lacking is any testimony by any witness that the property was worth less than its assessed value of $4,000 * * * [T]he issue in an overvaluation case is whether the property is assessed at more than 'the full value thereof'". Since the petition does not allege facts showing that the property is assessed in an

amount in excess of its value, but, on the contrary, alleges facts showing that the value of the property exceeds the assessment, it fails to state a cause of action based on overvaluation and it must be dismissed. The majority of the court holds, even though the value of the property exceeds the assessment, that the petition properly states an overvaluation case "in view of the proportional rate of assessment" in the town. This holding confuses overvaluation with inequality. In order to prove that his assessment is erroneous in view of a proportionate rate of assessment used by the town, the petitioner will have to establish that proportionate rate. The assessor has not stipulated the rate and the only way the rate can be established is by the use of one or more of the methods of proof, applicable to inequality cases, specified in subdivision 3 of section 720 of the Real Property Tax Law. Such proof, however, is restricted to claims involving inequality and does not apply to claims of overvaluation. "In overvaluation cases, the only pertinent assessment is that of the subject parcel; assessments of other parcels are irrelevant to overvaluation and so are the statutory procedures relating to the assessment ratios in the sample parcels and in the sales of other parcels." (*People ex rel. Yaras v Kinnaw,* 303 NY 224, 229, *supra.*) In short, in an overvaluation case the only comparison to be made is the value of the subject property with the amount of its assessment. Only if the assessment exceeds the value of the property is the assessment erroneous by reason of overvaluation. Once a petitioner relies upon a proportionate rate of assessment to plead an erroneous assessment, he is alleging not overvaluation, but inequality. In the words of the statute, he is contending that his "assessment has been made at a higher proportionate valuation than the assessment of other real property on the same role" (Real Property Tax Law, § 706), and he must establish the proportionate rate of assessment of the other properties using the methods of proof that apply only to inequality cases (Real Property Tax Law, § 720, subd 3). Accordingly, I would affirm the order dismissing the petition since the petition fails to state an overvaluation case. (Appeal from order of Supreme Court, Erie County, Kasler, J. — Real Property Tax Law, art 7.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.