■ In the Matter of STERLING ESTATES, INC., Appellant, v BOARD OF ASSESSORS et al., Respondents. — In proceedings pursuant to article 7 of the Real Property Tax Law, petitioner appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Farley, J.), dated March 14, 1983, which, *inter alia,* denied its motion to amend its petitions to increase the amount of the claimed reductions.

Order affirmed insofar as appealed from, without costs or disbursements.

Although ultimately only the total assessment is subject to judicial review pursuant to article 7 of the Real Property Tax Law (Real Property Tax Law, § 502, subd 3), the petitioner at bar, having voluntarily chosen not to protest or otherwise draw

into question the accuracy of the assessments regarding the improvements to its realty for the tax years in question, implicitly acknowledged the propriety of those assessments, and may not, now, over six years later, be heard to complain that they were unequal, excessive or otherwise invalid (see *Matter of City of Little Falls v Board of Assessors,* 68 AD2d 734). *Grant Co. v Srogi* (52 NY2d 496) is distinguishable on its facts, as the court therein was confronted with a situation in which the total assessment had been duly protested by the petitioner, and all that the court was required to determine was whether the "reformation of the petitions to conform with the proof [of value adduced at trial] was a remedy which was within the court's power to grant and * * * was not affected by any error of law" (*Grant Co. v Srogi, supra,* p 513, n 2). The situation here is markedly different, as we are called upon to determine whether the petitions which have been filed in tax certiorari proceedings may be amended, in some cases 15 years after the fact, to add allegations of injury which had not theretofore been interposed (cf. *Matter of Waldbaums #122 v Board of Assessors,* 58 NY2d 818).

At least under the circumstances of this case, where the original protests and petitions, by clear implication, accepted the accuracy of the county's assessment regarding the valuation of its improvements, the petitioner may not now attempt to amend its petitions in order to draw into question the accuracy of those valuations, thereby altering the fundamental thrust of its case. The granting of leave to amend in this case is not, in our view, mandated by the Court of Appeals decision in *Grant Co. v Srogi* (*supra*). Moreover, assuming, *arguendo,* that the court was empowered to grant the requested amendments, we cannot conclude on this record that Special Term's refusal to do so constituted an abuse of discretion.

We have considered the petitioner's remaining contentions and find them to be without merit. Gibbons, J. P., Niehoff and Boyers, JJ., concur.

Brown, J., dissents and votes to reverse the order insofar as appealed from, and grant the motion to amend the petitions, with the following memorandum. I do not agree that the holding of the Court of Appeals in *Grant Co. v Srogi* (52 NY2d 496) does not govern the instant case. In *Grant Co.* (*supra*), it was argued by the respondent tax commissioner that even if a reduction in the assessments in that case were warranted, it was nonetheless error for the court to have granted relief in excess of what had been requested in the petitions. In support of his position, the tax commissioner relied primarily upon *People ex rel. Interstate Land Holding Co. v Purdy* (206 App Div 606, affd 236 NY 609),

in which a closely divided Court of Appeals had held that relief in a tax review proceeding is limited to the amount requested in the petition. The Court of Appeals in *Grant Co. (supra)* concluded that the time had come to overrule *Purdy* and stated (52 NY2d 496, 512-513, *supra*):

"In New York, both by statute (Real Property Tax Law, § 306) and under our Constitution (NY Const, art XVI, § 2), real property may not be assessed in excess of its full value. Indeed, it is the very purpose of a tax review proceeding 'to arrive at a fair and realistic value of the property involved.' (*Matter of Great Atlantic & Pacific Tea Co. v Kiernan,* 42 NY2d 236, 242, *supra*; see, also, *Matter of Merrick v Board of Assessors of Nassau County,* 45 NY2d 538.) Moreover, because the Real Property Tax Law relating to assessment review proceedings is remedial in character, it should be construed in such a way that the taxpayer's right to have his assessment reviewed and the appropriate relief granted should not be defeated by a pleading technicality. (*Matter of Great Eastern Mall v Condon,* 36 NY2d 544; *People ex rel. New York City Omnibus Corp. v Miller,* 282 NY 5, 9.)

"It has long been the rule that the primary purpose of the tax petition is to give notice to the taxing authority so that it may take such steps as may be advisable to defend the claim. (*Stuyvesant v Weil,* 167 NY 421, 425; *Foley v D'Agostino,* 21 AD2d 60, 62-63.) That being the case, where adequate notice has been given, we see no good reason to adhere blindly to a rule which precludes a court from granting the relief justified by the proof. Aside from being prevented from collecting a tax which has been found to be excessive, the commissioner has not alleged, let alone proven, any prejudice suffered by the city as a result of the assessments being reduced below the amounts requested in the petitions. It is consistent with the general purpose of these proceedings and with the legislative mandate that property not be assessed in excess of full value that relief not be limited to the reduction claimed in the petition. Thus, we hold that where the evidence establishes a value lower than that alleged in the petition, a court can reform the petition to conform with the proof and order the appropriate reduction."

In light of the foregoing language and the fact that respondents herein do not claim prejudice if the petition is amended, I am of the view that Special Term abused its discretion in denying the amendments sought.